No. 94-613

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

ANTHONY J. WOODS,

      Defendant and Appellant.

FILED

AUG 08 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          James C. Bartlett; Hash, O'Brien & Bartlett,
Kalispell, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Micheal S. Wellenstein, Ass't Attorney General,
Helena, Montana

          Valerie D. Wilson, Deputy Flathead County
Attorney, Kalispell, Montana

Submitted on Briefs: July 6, 1995

Decided: August 8, 1995

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court

Anthony J. Woods (Woods) appeals from the Judgment and Order of Conviction entered by the Eleventh Judicial District Court, Flathead County, on a jury verdict finding him guilty of operating a vehicle with an alcohol concentration of .10 or more. We reverse.

The dispositive issue on appeal is whether the District Court abused its discretion in admitting breath test evidence over Woods' objection that a proper foundation was not established and, on that basis, erred in denying his motion to dismiss the charge.

Woods originally was charged in the Justice Court of Flathead County with violating § 61-a-406, MCA, by driving a vehicle while his alcohol concentration, as shown by analysis, was .10 or more. His motion to dismiss the charge was denied and he was found guilty of the offense. After judgment was entered, Woods appealed to the District Court.

A jury trial was held in the District Court on October 17, 1994. Deputy Sheriff Annette Holliday testified regarding her activities in arresting Woods, transporting him to the Flathead County Detention Center (Detention Center) and conducting sobriety tests and a breath test to measure Woods' alcohol concentration. The Montana Department of Justice, Division of Forensic Science, breath analysis report form, reflecting Woods' breath alcohol concentration (BAC) at .188, was admitted over Woods' objection of insufficient foundation. Woods moved for dismissal or a directed verdict in his favor on the basis that the State had not listed a

2

witness qualified to lay the necessary foundation for admission of the report form; the court denied the motion.

During Deputy Holliday's continued testimony, Woods objected on foundation grounds to admission of the Intoxilyzer breath analysis report produced at the Detention Center, which also reflected Woods' BAC at .188. The District Court admitted the exhibit. A videotape of Woods performing sobriety tests at the Detention Center was played for the jury.

At the conclusion of the State's case, Woods renewed his motion to dismiss the charge and direct a verdict, on the basis that admission of the breath test evidence without the necessary foundation was impermissible and, absent that evidence, the State had failed to prove its case. The District Court again denied the motion.

The jury found Woods guilty of the misdemeanor offense of driving a vehicle with an alcohol concentration of .10 or more. Woods appeals.

> Did the District Court abuse its discretion in admitting breath test evidence over Woods' objection that a proper foundation was not established and, on that basis, err in denying his motion to dismiss the charge?

Woods was charged with violating § 61-e-406, MCA, by driving a vehicle while his alcohol concentration was .10 or more as shown by an analysis of his blood, breath or urine. Absolute liability attaches to commission of the offense; the State need not prove that the offense was committed knowingly, negligently or purposely. Sections 61-8-406 and 45-2-104, MCA. Thus, the critical proof necessary to establish commission of the offense is the blood,

breath or urine test result.

The district court has broad discretion in determining whether evidence is relevant and admissible; absent a showing of abuse of discretion, we will not overturn the court's determination. State v. Passama (1993), 261 Mont. 338, 341, 863 P.2d 378, 380 (citation omitted). Here, given the offense charged and the necessity of the breath test results to establish that Woods committed the offense, error in admitting the breath test evidence would necessitate dismissal of the charge for failure of proof.

The State of Montana closely regulates breath analysis instruments utilized to determine the alcohol concentration of a person charged with an alcohol-related driving offense. See §§ 23.4.201 through 23.4.221, ARM. A defendant charged with such an offense is entitled to the procedural safeguards which are contained in the administrative rules. State v. West (1992), 252 Mont. 83, 89, 826 P.2d 940, 944; citing State v. O'Brian (1989), 236 Mont. 227, 229, 770 P.2d 507, 508.

The administrative rule at issue in this case provides, in pertinent part:

> (1) Breath analysis instruments shall be field certified for proper calibration at least once every seven (7) days by a breath test specialist/senior operator, or in the event of a senior operator's absence, his/her authorized designee, using a solution of ethyl alcohol approved by the division of forensic science and using the field certification report form for the breath analysis instrument being certified.

Section 23.4.213, ARM. Woods contends that the State failed to lay a foundation for his BAC test results by establishing compliance with § 23.4.213 (1), ARM, and argues that, as a result, the BAC

4

evidence was inadmissible.

The State concedes that it did not lay a proper foundation for admission of Woods' BAC test results. No evidence whatsoever was introduced that the Intoxilyzer had been properly and timely calibrated as required by § 23.4.213(1), ARM. Absent the required foundation, we conclude that the District Court abused its discretion in admitting the breath test evidence. As a result, we hold that the court erred in denying Woods' motion to dismiss the charge against him.

Reversed and remanded with instructions to enter an order of dismissal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices