No. 95-203 and 96-090

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

        Plaintiff and Respondent,

v.

CLARK CARTER,

        Defendant and Appellant.



FILED

NOV 25 1997

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Hon. Peter L. Rapkoch, Judge Presiding (No. 95-203)
The Hon. John R. Christensen, Judge Presiding (No. 96-090)

COUNSEL OF RECORD:

    For Appellant:

        Richard J. Carstensen, Billings, Montana

    For Respondent:

        Joseph P. Mazurek, Attorney General, Brenda Nordlund, Assistant Attorney General, Helena, Montana; Thomas Meissner, Fergus County Attorney, Lewistown, Montana; Monte Jay Boettger, Lewistown City Attorney, Lewistown, Montana

Submitted on Briefs: July 2, 1997

Decided: November 25, 1997

Filed:



Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This appeal involves two separate offenses by Defendant-Appellant Clark Carter (Appellant). At his request, and by order of this Court, the appeals were consolidated. On June 5, 1993, Appellant was charged with driving under the influence of alcohol (DUI), third offense. On December 29, 1993, Appellant was again charged with DUI and resisting arrest. In both cases, Appellant failed to appear in justice court to defend, was tried in absentia, and was convicted. Appellant then obtained counsel and appealed both his convictions to District Court. In two separate *de novo* trials, the Tenth Judicial District Court, Fergus County, entered judgments of conviction on all counts. Appellant appeals his convictions. We affirm.

The issues on appeal are as follows:

1. Did the District Court err in admitting lay witness opinion testimony?

2. Did the District Court err in denying Appellant's motion to dismiss the charge of resisting arrest on the basis of insufficient evidence?

3. Did the District Court err in admitting evidence of Appellant's prior DUI convictions during the State's cross-examination of Appellant's character witnesses?

4. Did the District Court err in admitting Appellant's breath test results?

5. Did the District Court err in admitting Appellant's blood test results?

6. Did the District Court improperly forfeit Appellant's vehicle?

2

BACKGROUND

The following facts form the basis of the appeal in No. 96-090. On June 5, 1993, a sheriff's deputy stopped Appellant because he was driving in an erratic manner. The deputy detected an odor of alcohol and noted that Appellant was unsteady on his feet. Appellant believed he was not too drunk to drive and agreed to a breath test to confirm his belief. At the station house, a breath test specialist completed the standard operational checklist to make sure the breath instrument was working properly. Appellant took the breath test and registered a .226. Appellant was charged with third offense DUI.

On May 4, 1994, in justice court, Appellant was tried in absentia and convicted. The justice court ordered the sheriff to seize Appellant's car as required by § 61-8-714(3)(b)(i), MCA (1993). Appellant then appealed to District Court. On July 27, 1994, the District Court ordered that Appellant's car be returned on the condition that he not operate, sell, transfer, or encumber the vehicle during the pendency of the proceedings without leave of court.

On April 18, 1995, Appellant filed a motion in limine to exclude the results of his breath test until the State proved that the breath instrument had been properly tested by the State Forensics Laboratory, and that the instrument operator was certified. The District Court denied the motion on May 24, 1995.

On July 21, 1995, the parties agreed to submit this matter to the District Court for its decision based on stipulated facts which included the police reports and the breath test.

Appellant reserved for appeal any issue he had previously raised. On July 27, 1995, the court entered judgment against Appellant. Although the court sentenced Appellant to jail time and a fine, the court also ruled that Appellant's car would not be forfeited, because § 61-8-714(3)(b)(i), MCA, did not apply. Appellant then filed a notice of appeal to this Court.

The next set of facts form the basis of the appeal in No. 95-203. On December 29, 1993, Appellant was charged with DUI and resisting arrest. An off-duty fireman, Keith Kucera, observed Appellant leave the Montana Tavern, cross the street, get in his car, and drive away. Kucera noted that Appellant was staggering as he walked. Kucera testified that because Appellant appeared intoxicated, he got in his own car, followed Appellant, and observed Appellant drive through a stop sign. Kucera reported Appellant to the police via his portable radio.

When the police officer caught up to Appellant, he activated his siren as Appellant was not responding to flashing lights. Appellant then stopped his car in the middle of the traffic lane. The officer approached Appellant and noticed a strong odor of alcohol and slurred speech. The officer administered two field sobriety tests. Based on the information Kucera related to him, and Appellant's poor performance on the tests, the officer determined that Appellant's estimated blood alcohol content (BAC) was over the legal limit of .10. The officer asked Appellant to come to the station for more testing, but Appellant refused. The officer placed Appellant under arrest and warned him about resisting arrest, but Appellant still refused, stating that he was going to get in his car and drive home. The officer grabbed

4

Appellant's arm to prevent him from entering his car, but Appellant held on to the side mirror and tried to pull his arm away. The officer was forced to pry Appellant's hand off the mirror in order to handcuff him. The officer then transported Appellant to the station house.

At the station house, the officer administered the field sobriety tests again while a second officer videotaped Appellant's performance. The officers explained the implied consent form to Appellant and Appellant agreed to take a breath test. Before Appellant blew into the instrument, the second officer completed the standard operational checklist on the instrument to make sure it was working properly. Appellant then blew and registered a .120.

Appellant then requested an independent blood test. The officer transported Appellant to the hospital where a registered nurse drew a sample of Appellant's blood using a blood test kit supplied by the State Forensics Laboratory. The State Forensics Division Analysis Report recorded a BAC of .190.

On May 5, 1994, in justice court, Appellant was tried in absentia and convicted. The justice court issued another order directing the sheriff to seize Appellant's car under the forfeiture provision of § 61-8-714(3)(b)(i), MCA. Appellant again appealed to District Court. On July 26, 1994, the District Court again ordered that Appellant's car be returned on the condition that he not operate, sell, transfer, or encumber the vehicle during the pendency of the proceedings without leave of court.

This case went to a jury trial on September 7, 1994, and the jury found Appellant guilty of both charges. Appellant's sentencing was delayed until January 31, 1995, due to

health problems. Like the case above, the court sentenced Appellant to jail time and a fine for both charges. However, unlike the case above, the court ordered that Appellant's car be forfeited pursuant to § 61-8-714(3)(b)(i), MCA. Appellant then filed a notice of appeal to this Court.

During the pendency of 95-203 and 96-090, Appellant transferred ownership of his car to his daughter. On March 14, 1995, the city attorney filed a motion requesting the court to order Appellant to show cause why he should not be in contempt for violating the court's previous orders directing him not to encumber the title to his car. The court conducted a show cause hearing on April 18, 1995. On April 19, 1995, the court found Appellant in contempt and ordered that Appellant have the title to the car transferred back to his name and deposited with the clerk of court pending a final decision on the cases by this Court. Additional facts will be provided as necessary to dispose of the issues raised.

## DISCUSSION

### *Issue 1*

Did the District Court err in admitting lay witness opinion testimony?

The standard of review for evidentiary rulings is whether the district court abused its discretion. State v. Stringer (1995), 271 Mont. 367, 374, 897 P.2d 1063, 1067.

During the trial of No. 95-203, the State asked its eyewitness, Kucera, three questions pertaining to his opinion as to whether Appellant was intoxicated the night of December 29, 1993. In framing the questions, the State used terms like "What was your impression, "

6

"What was your concern," and "What was your feeling." Over objection, Kucera answered the questions, stating that based on what he observed, Appellant was intoxicated.

Appellant argues that the court erred in admitting Kucera's answers because the form of the State's direct questions was improper under Rule 602, M.R.Evid. Rule 602, M.R.Evid., provides that "a witness may not testify as to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Appellant asserts that Kucera's statements about his "impression," "concern," and "feeling" that Appellant was intoxicated do not meet the required standard of testifying from personal knowledge.

Appellant's argument is without merit. Rule 701, M.R.Evid., provides:

> **Opinion testimony by lay witnesses.** If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Additionally, in State v. Bradley (1993), 262 Mont. 194, 864 P.2d 787, we held that Rule 701, M.R.Evid., did not preclude a lay witness from testifying to a person's state of intoxication. Bradley, 864 P.2d at 789 (citing Commission Comment, Rule 701, M.R.Evid.; State v. Hardy (1980), 185 Mont. 130, 134, 604 P.2d 792, 795).

It is undisputed that Kucera was a lay witness. An examination of the record makes clear that Kucera's opinions or inferences as to Appellant's intoxication were rationally based on his perception and personal knowledge. During direct-examination of Kucera, the

7

State established that Kucera knew the objective signs of intoxication, that he had much experience being around people who have been in varying states of intoxication, and that he had observed Appellant for quite some time before alerting the police. Because the State complied with the foundational requirements of Rules 602 and 701, M.R.Evid., we conclude that the District Court did not abuse its discretion in admitting Kucera's lay witness opinion testimony.

*Issue 2*

Did the District Court err in denying Appellant's motion to dismiss the charge of resisting arrest on the basis of insufficient evidence?

The standard of review for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Granby (1997), __ Mont. __, 939 P.2d 1006, 1009.

In No. 95-203, Appellant was charged with resisting arrest in addition to his DUI charge. Appellant argues that sufficient evidence did not exist to support the charge of resisting arrest. Section 45-7-301(1), MCA, provides the following:

> A person commits the offense of resisting arrest if he knowingly prevents or attempts to prevent a peace officer from effecting an arrest by:
> (a) using or threatening to use physical force or violence against the peace officer or another; or
> (b) using any other means which creates a risk of causing physical injury to a peace officer or another.

In making his argument, Appellant relies solely on subpart (a) of the above statute.

8

Appellant asserts that he never used or threatened physical violence against the arresting officer and, therefore, could not be guilty of resisting arrest.

The State responds by noting that § 45-7-301(1), MCA, has a subpart (b) as well as a subpart (a), and that under subpart (b), a person is guilty of resisting arrest if the person merely created a risk of causing physical injury to the peace officer. The State argues that "[o]nce an officer has to engage in a physical struggle with an arrestee in order to prevent him from driving away, a risk that the officer or another might be physically injured is created." We agree.

The record shows that Appellant stated his intent to drive home, and that when the officer tried to prevent Appellant from leaving, he grabbed on to the mirror and would not let go. Finally, the officer was forced to pry Appellant's hand off of the mirror and wrestle him into handcuffs in order to effectuate the arrest. We conclude that under these circumstances, there was sufficient evidence from which the jury could have found that Appellant resisted arrest by creating a risk of causing physical injury to the police officer.

### Issue 3

Did the District Court err in admitting evidence of Appellant's prior DUI convictions during the State's cross-examination of Appellant's character witnesses?

The standard of review for evidentiary rulings is whether the district court abused its discretion. State v. Stringer (1995), 271 Mont. 367, 374, 897 P.2d 1063, 1067.

During the trial of No. 95-203, Appellant called three witnesses from the community

9

who testified to Appellant's reputation in the community for being truthful and honest, and for having a good character in general. On cross-examination, the State asked the witnesses whether they were aware of Appellant's four prior DUI convictions, and whether those convictions would change their opinion of Appellant. Appellant objected to this questioning on the ground that it was improper because it elicited "other crimes" evidence without giving Appellant proper notice pursuant to State v. Just (1979), 184 Mont. 262, 602 P.2d 957. Appellant also objected on the ground that the State's information was untrue because two of the four DUIs referenced were the ones being appealed (95-203 and 96-090), and were not yet final convictions.

Initially, the court overruled both objections. However, later when Officer Doney took the witness stand, the court reconsidered Appellant's second ground for objection in chambers. The court ruled that only evidence of Appellant's two February, 1993 DUI convictions would be admitted. Thus, when the State resumed direct-examination of Officer Doney, Officer Doney testified that Appellant's records reflected two 1993 DUI convictions, not including the ones currently appealed.

On appeal to this Court, Appellant makes the same arguments that were the bases for his objections below. The State responds that the Just requirements regarding notification do not apply in the instant case because the evidence elicited on cross-examination was not "other crimes" evidence under Rule 404(b), M.R.Evid. Rather, the State argues, the cross-examination served to impeach the testimony that Appellant presented regarding his own

10

good character, and, therefore, was proper under Rule 404(a)(1), M.R.Evid.

Although character evidence is generally not admissible to prove conduct, an accused may present evidence of a pertinent trait of his character, and the prosecution may offer contradictory evidence to rebut the same, or to test the witness' knowledge. Rule 404(a)(1), M.R.Evid.; State v. Clark (1984), 209 Mont. 473, 682 P.2d 1339. When the accused presents evidence not of a pertinent trait of his character, but of his good character in general, "he opens the door to all legitimate cross-examination . . . and must therefore accept the consequences which result." State v. Heine (1975), 169 Mont. 25, 28, 544 P.2d 1212,1214.

Rule 405(a), M.R.Evid., provides the proper method of proving character evidence:

> Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

Just notice procedures are not required to rebut or impeach an accused's good character evidence. State v. McQuiston (1996), 277 Mont. 397, 403, 922 P.2d 519, 523.

Applying the law to the instant case, it is clear that the State's cross-examination was proper rebuttal evidence under Rule 404(a)(1), M.R.Evid. Throughout its case-in-chief, the State refrained from placing before the jury evidence of Appellant's prior DUI convictions. Once Appellant himself placed his general good character at issue, the State was afforded all legitimate cross-examination to rebut this evidence and to test the witnesses' knowledge. The State's questioning about Appellant's prior DUI convictions was legitimate cross-examination under Rule 405(a), M.R.Evid., as that rule permits inquiry into relevant specific

11

instances of Appellant's conduct. We conclude that the District Court did not abuse its discretion in admitting evidence of Appellant's prior DUI convictions.

Regarding the misstatement of the number of prior DUI convictions, the State argues that although this was error, it was harmless error. We agree. We have held that "[a]n error by the trial court will be deemed harmless 'unless the record shows that the error was prejudicial.'" State v. Bower (1992), 254 Mont. 1, 5-6, 833 P.2d 1106, 1109 (quoting § 46-20-701(1), MCA). In determining the prejudicial effect of an error, we examine the totality of circumstances in which the error occurred. Bower, 833 P.2d at 1109 (citation omitted). Despite the misstatement as to the number of DUI convictions, two DUI convictions were ultimately admitted against Appellant. Further, the record shows that the State corrected its error when it recalled Officer Doney to the stand and elicited from him testimony that Appellant's record reflected only two DUI final convictions. In light of this correction, and the other evidence establishing Appellant's guilt such as the field sobriety, breath, and blood tests, we hold that the misstatement was harmless error.

### Issue 4

Did the District Court err in admitting Appellant's breath test results?

It is within the broad discretion of the district court to determine whether evidence is relevant and admissible. State v. Woods (1995), 272 Mont. 220, 222, 900 P.2d 320, 321 (citation omitted). The standard of review for evidentiary rulings is whether the district court abused its discretion. Woods, 900 P.2d at 321.

12

A defendant charged with DUI is entitled to the procedural safeguards contained within the Administrative Rules of Montana. Woods, 900 P.2d at 322 (citing State v. West (1992), 252 Mont. 83, 89, 826 P.2d 940, 944; State v. O'Brian (1989), 236 Mont. 227, 229, 770 P.2d 507, 508). Where the State seeks to admit a breath test analysis as evidence of DUI, but fails to lay a proper foundation by establishing compliance with the administrative rules, the breath test analysis is inadmissible. Woods, 900 P.2d at 322.

Appellant argues that in both 95-203 and 96-090, his breath test analysis was inadmissible because the State failed to lay a proper foundation. Specifically, Appellant argues that the State failed to establish that the breath instrument was field certified and that the breath instrument operator was certified.

The administrative rules require that (1) breath analysis instruments must be field certified for accuracy at least once every seven days by a breath test specialist, § 23.4.213, ARM; (2) no individual may perform a breath test without a valid permit issued by the division of forensic science, § 23.4.218, ARM; and (3) all breath test operators must be recertified on an annual basis by attending a recertification course approved by the division, § 23.4.217, ARM.

As the only support for his argument that the State failed to lay a proper foundation, Appellant refers to an excerpt of a copy of a performance audit prepared by the State of Montana, Office of the Legislative Auditor of the Forensic Science Division, Department of Justice. The audit identifies deficiencies in breath instrument operator training, and a lack

13

of consistent procedures for quality assurance of breath instrument operation. The audit also makes recommendations for correcting these deficiencies. Appellant sets forth the audit as proof that the State failed to comply with the administrative rules. Although Appellant makes no reference to the date of the audit, the audit makes statistical references to the year 1987, and mentions §§ 23.4.205 and 23.4.206, ARM, repealed in 1991, as applicable statutes. Thus, from the record, it appears that the audit was prepared sometime between 1987 and 1991.

Appellant's position has no merit. Aside from being an outdated document, the audit cannot be recognized as legal authority. Moreover, the record shows that the State in fact complied with §§ 23.4.213, 23.4.217, and 23.4.218, ARM. In both 95-203 and 96-090, Appellant's breath test was administered by a certified breath test specialist who had completed the necessary internal checks on the instrument to assure that it was working and properly calibrated. Additionally, in 95-203, the record establishes that the breath instrument was provided to the Lewistown Police Department by the forensic science division of the State of Montana and, therefore, had been approved by the division as provided in § 23.4.209, ARM. Under these circumstances, we hold that the District Court did not abuse its discretion in admitting the results of Appellant's breath tests.

*Issue 5*

Did the District Court err in admitting Appellant's blood test results?

During the trial of 95-203, Appellant objected on several grounds to the admission of

14

his blood test results. On appeal, Appellant set forth the portion of the transcript containing his objections and then summarily argued that admission of the blood test results "was improper and requires reversal." Appellant set forth no citation to authority or legal analysis to support his argument.

An appellant carries the burden of establishing error by the trial court. Rule 23, M.R.App.P., requires an appellant to cite to authority for the position being advanced on appeal. In this case, because Appellant failed in this regard, he cannot establish any error. State v. Fina (1995), 273 Mont. 171, 181, 902 P.2d 30, 38. We conclude that the District Court did not err in admitting into evidence Appellant's blood test results.

## *Issue 6*

Did the District Court improperly forfeit Appellant's vehicle?

Appellant argues that in both 95-203 and 96-090, the District Court improperly forfeited his vehicle. With respect to 96-090, the State contends that forfeiture is a non-issue because the District Court did not apply the forfeiture provisions in that case. The State cites the judgment of 96-090, wherein the District Court stated:

> Under the facts of this case, in the interest of justice, the provisions of section 61-8-714(3)(b)(i) MCA, shall not apply and the vehicle driven by the Defendant shall not be subject to forfeiture . . . .

The State is correct. Given the District's Court's judgment, we determine that Appellant's claimed error, as it pertains to 96-090, did not occur.

With respect to 95-203, Appellant contends that the District Court erred when it

forfeited Appellant's vehicle before his third DUI conviction became final. Section 61-8-714(3)(b)(i), MCA (1993), provides:

> On the third or subsequent conviction, the court, in addition to any other penalty imposed by law, shall order the motor vehicle owned and operated by the person at the time of the offense to be seized and subjected to the [forfeiture] procedure provided under 61-8-421.

Appellant argues that although the DUI which is the subject of 95-203 is his third, no forfeiture can take place until the conviction becomes final, that is, until this Court affirms the conviction on appeal. Appellant seeks to have the forfeiture set aside pending appeal.

The State responds that while the court ordered Appellant's vehicle to be forfeited, no actual forfeiture has taken place because the petition for forfeiture was stayed pending appeal. The State points to the District Court's order of April 19, 1995, wherein the court: (1) found Appellant in contempt for violating its previous directive not to transfer or encumber the title to his car; (2) ordered Appellant to secure return of title to the car and deposit it with the clerk of court; and (3) stayed the State's Petition for Forfeiture pending final resolution of the appeal by this Court. The State argues that the District Court's order was proper in order to prevent Appellant from eluding the forfeiture penalty by transferring his car before the final determination of his guilt or innocence.

As the parties have raised no factual dispute, the standard of review is whether the district court correctly interpreted the law. State v. Gould (1995), 273 Mont. 207, 219, 902 P.2d 532, 540.

The authority relied upon in ordering Appellant to secure return of title to the car and

deposit it with the clerk of court pending a final resolution of the case is § 61-8-422, MCA.

That statute provides:

> (1) It is unlawful for the owner of a vehicle subject to actions under . . . 61-8-714 . . . to transfer, sell, or encumber the owner's interest in that vehicle from the time of the owner's arrest or the filing of the underlying charge until the time that the underlying charge is dismissed, the owner is acquitted of the underlying charge, the issue of seizure or forfeiture is resolved by the sentencing court, or the underlying charge is otherwise terminated.
> (2) The prohibition against transfer of title may not be stayed pending the determination of an appeal from the conviction on the underlying charge.

Under § 61-8-422, MCA(1993), the District Court's order preventing Appellant from alienating the title to his car was proper. We conclude that the District Court correctly interpreted the law.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

17