No. 97-292

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 99


STATE OF MONTANA,

Plaintiff and Respondent,

v.

THOMAS FENTON,

Defendant and Appellant.


APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Broadwater,
The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr.; Cannon & Sheehy;
Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Carol E. Schmidt, Assistant Attorney General;
Helena, Montana

John T. Flynn, Broadwater County Attorney;
Townsend, Montana


Submitted on Briefs: February 12, 1998

Decided: April 30, 1998
Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1    The defendant, Thomas M. Fenton, was charged in Broadwater County on December 30, 1996, with driving under the influence of alcohol or, alternatively, with driving with a blood alcohol concentration in excess of .10, and with obstructing a peace officer in violation of §§ 61-8-401, -406, and 45-7-302, MCA, respectively.  Prior to trial in the First Judicial District Court in Lewis and Clark County, Fenton moved to have the result of his Intoxilyzer 5000 breath analysis test excluded from trial.  The District Court denied Fenton's motion in limine.  Fenton then pled guilty to the offense of driving with a blood alcohol concentration over .10 in violation of § 61-8-406, MCA, but appeals from the District Court's denial of his motion.  We affirm the judgment of the District Court.

¶2    The issue on appeal is whether the District Court erred when it found that the Intoxilyzer 5000 breath analysis test was properly administered to Thomas Fenton and, therefore, erred when it denied Fenton's motion in limine to have the results of the test suppressed.

FACTUAL BACKGROUND

¶3    On December 30, 1995, Montana Highway Patrol Officer Joe Cohenour arrested Thomas M. Fenton for driving while under the influence of alcohol or, alternatively, with driving with a blood alcohol concentration in excess of .10, and obstructing a peace officer. Fenton's arrest was based upon his failure to pass the standard field sobriety tests, his failure to pass the sobriety tests administered at the Broadwater County Sheriff's office, and his blood alcohol concentration of .140, as recorded by the Intoxilyzer 5000 breath alcohol analyzer.

¶4    On January 4, 1996, Fenton pled not guilty to the charges.  On May 13, 1996, the Justice of the Peace for Broadwater County acquitted Fenton of driving under the influence of alcohol and of obstructing a peace officer, but convicted him of driving with a blood alcohol concentration in excess of .10.  Fenton appealed his conviction to the District Court.

¶5    Prior to trial, Fenton moved to suppress the results of the Intoxilyzer 5000 breath test.

Fenton contended that the test result did not establish that there was a fifteen minute period of observation, as required by law, before the test was administered.

¶6   At an evidentiary hearing to consider Fenton's motion, Patrolman Cohenour testified regarding the operational procedures he is required to follow when administering the Intoxilyzer 5000 breath test.  These procedures include observation of the defendant for a minimum of fifteen minutes immediately prior to the test to ensure that the defendant does not eat, drink, chew, or take anything orally during that period of time.  Cohenour testified that following Fenton's arrest, he observed all of the standard procedures and strictly adhered to the fifteen-minute rule.

¶7   Cohenour reported on the Breath Analysis Report Form that he began the fifteen minute observation of Fenton at 12:51 a.m.  The Intoxilyzer 5000 print-out indicates that the test was performed at 1:04 a.m.  Cohenour explained, however, that at the time he administered the test he recognized a discrepancy of four minutes between his watch and the time recorded by the Intoxilyzer 5000.  As a result of the four minute discrepancy, he changed the time that was recorded on the Intoxilyzer 5000 computer print-out to 1:08 a.m. in order to accurately reflect the amount of time that had actually elapsed. Cohenour explained that there is a four minute difference between the Highway Patrol's time and the Broadwater County Sheriff's Intoxilyzer 5000 time.  Cohenour adjusted the time recorded on the Intoxilyzer 5000 print-out to correspond with the Highway Patrol time that he used when documenting his arrest and processing of Fenton.

¶8   If the corrected time is used, it indicates a seventeen minute observation period before the administration of the Intoxilyzer 5000 test.  If the corrected time is disregarded, only thirteen minutes transpired before the administration of the test.

¶9   On November 18, 1996, the District Court issued an order which denied Fenton's motion in limine to exclude the Intoxilyzer 5000 test result. The court held that the Intoxilyzer 5000 report should not be discarded because of the disparity between Montana Highway Patrol Time and the Broadwater County's Intoxilyzer 5000 time.

¶10  On March 17, 1997, Fenton filed his notice of appeal from the District Court's order

which denied his motion in limine.  The District Court issued an order which stayed Fenton's
sentence pending the outcome of his appeal.

STANDARD OF REVIEW

¶11  The standard of review for evidentiary rulings is whether the district court abused its
discretion.  See State v. Gollehon (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263.  The
determination of whether evidence is relevant and admissible is left to the sound discretion
of the trial judge and will not be overturned absent a showing of abuse of discretion.  See
Gollehon, 262 Mont. at 301, 864 P.2d at 1263.  See also State v. Stringer (1995), 271 Mont.
367, 374, 897 P.2d 1063, 1067; State v. Passama (1993), 261 Mont. 338, 341, 863 P.2d 378,
380; State v. Crist (1992), 253 Mont. 442, 445, 833 P.2d 1052, 1054.

DISCUSSION

¶12  Did the District Court err when it found that the Intoxilyzer 5000 breath analysis test
was properly administered to Thomas Fenton and, therefore, err when it denied Fenton's
motion in limine to have the results of the test suppressed?

¶13  Fenton was charged with violating § 61-8-406, MCA, by driving a vehicle while his
blood alcohol concentration was .10 or more as shown by an analysis of his blood, breath,
or urine.  Absolute liability attaches to the commission of the offense; the State need not
prove that the offense was committed knowingly, negligently, or purposely.  See §§ 61-8-406
and 45-2-104, MCA.  Thus, the critical proof necessary to establish the commission of the
offense is the blood, breath, or urine test result.  Given the offense charged and the necessity
of the breath test results to establish that Fenton committed the offense, we have held that
any error in the administration of the breath test evidence would necessitate dismissal of the
charge for failure of proof.  See State v. Woods (1995), 272 Mont. 220, 222, 900 P.2d 320,
322.

¶14  On appeal, Fenton cites Woods in which we held that a defendant, charged with an
alcohol-related driving offense, is entitled to the procedural safeguards that are contained in
the administrative rules of Montana.  In Woods the State failed to demonstrate that the
Intoxilyzer 5000 breath alcohol analyzer was calibrated and field certified as

required by
Rule 23.4.213(1), ARM.  We concluded that because this procedural safeguard was not met,
the breath alcohol evidence was inadmissible at trial and, therefore, the district court erred
when it denied Wood's motion to dismiss.  See Woods, 272 Mont. at 223, 900 P.2d at 322.

¶15  Rule 23.4.212(7), ARM, requires that an Intoxilyzer 5000 test be administered
pursuant to the Montana Division of Forensic Science's Intoxilyzer 5000 operational
checklist.  That checklist requires that the subject of the test be observed for a minimum of
fifteen minutes immediately prior to testing to ensure that the subject does not orally ingest
any material prior to the test.  Fenton maintains that this procedural safeguard, as set out in
the operational checklist, was not met because the actual time which elapsed was only
thirteen minutes, and not the required fifteen minutes.  Based upon our decision in Woods,
Fenton argues that because this procedural safeguard was not met, the District Court abused
its discretion by allowing the results of his Intoxilyzer 5000 test into evidence.

¶16  We agree with Fenton that every defendant is entitled to the protection of the
procedural safeguards that are contained in Montana's administrative rules; however, we do
not agree that the District Court abused its discretion when it found that those procedural
safeguards were met in this case.  Based on Cohenour's testimony at the evidentiary hearing,
there was sufficient evidence to explain the discrepancy between the time he recorded on the
report form and the time that was recorded by the Intoxilyzer 5000 on the computer print-out.
The weight given to that testimony is up to the District Court.

¶17  We further conclude that based on § 61-8-404, MCA, and the foundation laid by
Cohenour's testimony, the computer print-out of the Intoxilyzer 5000 result, with the time
correction, is admissible at trial as competent evidence which bears on the question of
whether Fenton was under the influence of alcohol.

¶18  We, therefore, affirm the judgment of the District Court.

/S/  TERRY N. TRIEWEILER

We Concur:

/S/  J. A.  TURNAGE
/S/  JIM REGNIER
/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART