No. 98-516

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 96N

THE STATE OF MONTANA,

DEPARTMENT OF REVENUE,

Plaintiff/Respondent,

v.

JANET MANSFIELD,

Defendant/Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth R. Neill, Judge presiding.

No

COUNSEL OF RECORD:

For Appellant:

Janet Mansfield, Great Falls, Montana (*pro se*)

For Respondent:

R. Bruce McGinnis, Tax Counsel, Department of Revenue, Helena, Montana

Submitted on Briefs: March 11, 1999

Decided: May 11, 1999

Filed:

_____

Clerk

No

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Janet Mansfield (Mansfield), appearing *pro se*, appeals from an order entered by the Eighth Judicial District Court, Cascade County, denying her motion to set aside judgment and motion for summary judgment. We affirm.**

**¶3. The overall issue on appeal is whether the District Court erred in denying Mansfield's motion to set aside the judgment entered against her in the amount of $153.16.**

***BACKGROUND*¶4. In April of 1997, the Montana Department of Revenue (Department) advised Mansfield by letter that she might be required to file an income tax return for 1994, and requested that she complete and return enclosed forms to aid the Department in determining her tax liability. The letter also advised that, if Mansfield failed to provide the requested information, the Department would estimate her tax liability. Mansfield did not respond.**

**¶5. The Department subsequently estimated Mansfield's tax liability and sent her an assessment notice in the amount of $138.62 for unpaid income tax, penalties and interest. An explanation of Mansfield's appeal rights regarding the Department's assessment was printed on the back of the notice. The explanation stated that, if she disagreed with the assessment, she was required to notify the Department in writing within 30 days from the date of the assessment; it also stated that, if she failed to object within 30 days, the Department's assessment of her tax liability would become final, payment would be required and the Department could issue a warrant for distraint. The Department did not receive a written objection to the assessment**

within 30 days.

¶6. In June of 1998, the Department issued a warrant for distraint in the amount of $153.16, which included the unpaid tax and accumulated penalties and interest. The Department then filed the warrant with the Clerk of the District Court and the Clerk filed it in the judgment docket with Mansfield listed as the judgment debtor. The filing created a judgment and lien on Mansfield's property and the Department so advised Mansfield.

¶7. Thereafter, Mansfield moved the District Court to set aside the judgment, impose sanctions for fraud by the Department and for summary judgment. The parties briefed the motions and, in September of 1998, the District Court entered its order denying Mansfield's motions. Mansfield appeals.

*DISCUSSION*¶8. Did the District Court err in denying Mansfield's motion to set aside the judgment?

¶9. Mansfield lists five "arguments" in her opening brief, three of which do not relate to any asserted error by the District Court. A fourth "argument" asserts discovery-related error by the District Court which, according to Mansfield, violated her constitutional and civil rights. Mansfield's fifth "argument" is that the District Court committed "at least a dozen errors in the matter" and those asserted errors are briefly set forth in narrative form in her brief. Mansfield's brief contains no citations to legal authority supporting any of the errors she asserts or "arguments" she advances.

¶10. The obligation to establish error by a district court falls squarely on the appellant. State v. Carter (1997), 285 Mont. 449, 461, 948 P.2d 1173, 1180. To that end, Rule 23 (a)(4), M.R.App.P., requires the appellant to cite to legal authorities in support of the issues raised on appeal. It is not this Court's job to perform legal research on an appellant's behalf or to develop a legal analysis which might lend support to an appellant's position. *See* Johansen v. State, Dept. of Natural Resources, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24 (citations omitted). Mansfield having failed to advance legal authority for the errors she contends were committed, we decline to address her "arguments."

**¶11. We hold that Mansfield has failed to establish that the District Court erred in denying her motion to set aside the judgment.**

**¶12. Affirmed.**

/S/ KARLA M. GRAY

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART