No. 99-128

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 95N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ARTHUR A. HANCOCK, JR.,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Christopher A. Widenhofer; Tipp & Buley, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Mark W. Mattioli,

Assistant Attorney General; Helena, Montana

Fred Van Valkenburg, Missoula County Attorney; Scott Stearns,

Deputy County Attorney, Missoula, Montana

_____

Submitted on Briefs: March 23, 2000

Decided: April 13, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Arthur A. Hancock, Jr. (Hancock) was charged in the Fourth Judicial District Court, Missoula County, with failing to yield while making a left turn, in violation of § 61-8-340, MCA. Hancock was initially convicted in Justice Court. He appealed and received a trial *de novo* in District Court. At the close of the evidence, he moved for a directed verdict. The District Court denied the motion and the matter was submitted to the jury whereupon Hancock was convicted. He appeals from the denial of his motion for a directed verdict.

¶3 The issue on appeal is whether the District Court erred in denying Hancock's motion for a directed verdict.

¶4 The misdemeanor charge in the matter stems from a collision, which resulted when Hancock was driving his truck along Highway 10 east of Missoula. Tim Ibey was headed in the opposite direction on Highway 10. Hancock, intending to turn into the driveway of Jones Brothers Trucking, Inc., made a sudden left turn into Ibey's lane. Ibey applied his brakes but still crashed into the side of Hancock's vehicle and was injured in the resulting

collision.

¶5 In his motion for a directed verdict, Hancock argued that one of the elements of the offense, as defined by § 61-8-340, MCA, is that the conduct must occur within an "intersection" and that the State failed to establish that this location was an "intersection."

¶6 The District Court ruled that the motion was untimely and then, in the alternative, went on to reject the motion on its merits.

¶7 Section 46-13-101, MCA, provides in part as follows:

> **Pretrial motions and notices.** (1) Except for good cause shown, any defense, objection, or request that is capable of determination without trial of the general issue must be raised at or before the omnibus hearing unless otherwise provided by Title 46.
>
> (2) Failure of a party to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court, constitutes a waiver of the defense, objection, or request.
>
> ¶8 The State contends that the District Court was correct in denying the motion as untimely. It points out that the question of whether the location at issue was an "intersection" under the provisions of § 61-8-340, MCA, is a question which was capable of resolution before trial. We agree. The question of whether the location in question constituted an "intersection" under the provisions of § 61-8-340, MCA, was an issue capable of resolution before trial and, if not so raised, was waived under the provisions of § 46-13-101(2), MCA.

¶9 Hancock did not give notice before trial or in the omnibus memorandum of his contention that the statute did not apply to this location. Hancock has also failed to address the issue of timeliness in his appeal brief. Hancock, as the appellant, has the burden of demonstrating district court error. State v. Carter (1997), 285 Mont. 449, 461, 948 P.2d 1173, 1180. Having failed to present any argument as to why the District Court's denial of his motion as untimely was incorrect, he has not met his burden on appeal.

¶10 The District Court did not abuse its discretion in denying Hancock's motion for a directed verdict as untimely. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER