No. 04-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 2N

IN RE THE MARRIAGE OF

THOMAS H. HAWKINS,

        Petitioner and Respondent,

   and

KRISTINE HAWKINS,

        Respondent and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DR-99-378,
The Honorable James A. Haynes, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          William A. Douglas, Douglas Law Firm, P.C., Libby, Montana

      For Respondent:

          F. R. Randy Harrison, Harrison Law Office, Missoula, Montana

                Submitted on Briefs:  August 11, 2004

                       Decided:  January 18, 2005

Filed:

_____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On February 11, 2003, we entered an order amending Section 1.3 of our 1996 Internal Operating Rules. The amended Section 1.3(d) provides in relevant part:

> (i) After all briefs have been filed in any appeal, the Supreme Court by unanimous action may, sua sponte, enter an order or memorandum opinion affirming the judgment or order of the trial court for the reason that it is manifest on the face of the briefs and the record that the appeal is without merit because:
> (1) the issues are clearly controlled by settled Montana law or federal law binding upon the states;
> (2) the issues are factual and there clearly is sufficient evidence to support the jury verdict or findings of fact below; or
> (3) the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

We conclude that this is an appropriate case to decide pursuant to our February 11, 2003, order.

¶3 Thomas Hawkins ("Thomas") and Kristine Hawkins ("Kristine") were married in 1993. Thomas filed a petition for dissolution in July of 1999. This case languished for several years amidst the revolving line of district court judges and standing masters assigned to resolve it. The parties made one final, unsuccessful, attempt at reconciliation in 2002. A decree dissolving the marriage and distributing the marital estate was entered in December 2003 by District Court Judge Haynes. Kristine appeals from the distribution of the marital

estate.

¶4     Section 40-4-202(1), MCA, describes how property should be divided upon a marriage's dissolution and grants a district court broad discretion in distributing the property. *In re Marriage of Gerhart,* 2003 MT 292, ¶ 16, 318 Mont. 94, ¶ 16, 78 P.3d 1219, ¶ 16. Section 40-4-202(1), MCA, provides:

> In a proceeding for dissolution of a marriage, . . . the court . . . shall . . . equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. . . .

We initially review a district court's division of marital property and maintenance awards to determine whether the findings of fact upon which the division is based are clearly erroneous. *In re Marriage of Swanson,* 2004 MT 124, ¶ 12, 321 Mont. 250, ¶ 12, 90 P.3d 418, ¶ 12. Absent clearly erroneous findings, we will affirm a trial court's property distribution unless the court abused its discretion. *In re Marriage of Gerhart,* ¶ 16.

¶5     Here, Kristine accuses the District Court of harboring a personal bias against her, numerous errors, and ethical violations. However, she fails to refer us to any facts that support her contentions other than the District Court's orders she deems unfavorable. Further, she neglects to cite any applicable legal authority supporting her position. It is a well settled principle of law that the appellant carries the burden of establishing error by the trial court. *E.g., State v. Carter* (1997), 285 Mont. 449, 461, 948 P.2d 1173, 1180. Rule 23, M.R.App.P., requires an appellant to cite to authority for the position being advanced on appeal. *Small v. Good* (1997), 284 Mont. 159, 163, 943 P.2d 1258, 1260; *State v. Sol* (1997), 282 Mont. 69, 76, 936 P.2d 307, 311; *Carter,* 285 Mont. at 461, 948 P.2d at 1180.

3

In this case, because Kristine failed in this regard, she cannot establish any error. *See Carter,* 285 Mont. at 461, 948 P.2d at 1180; *State v. Fina* (1995), 273 Mont. 171, 181, 902 P.2d 30, 38.

¶6 Further, upon this Court's independent review of the record, we conclude that the District Court did not abuse its discretion in distributing the marital estate.

¶7 Thomas, in his reply brief, requests this Court to require that Kristine pay his attorney fees on appeal pursuant to Rule 32, M.R.App.P. We deem it appropriate to deny this request.

¶8 The judgment of the District Court is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE