FILED

March 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0530



DA 14-0530

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 83

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

DOUGLAS WAYNE LEVANGER,

   Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
       In and For the County of Gallatin, Cause No. DV-14-33A
       Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Andrew J. Breuner, Attorney at Law, Gallatin Gateway, Montana

   For Appellee:

     Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
     Assistant Attorney General, Helena, Montana

     Marty Lambert, Gallatin County Attorney, Bozeman, Montana

           Submitted on Briefs: February 11, 2015
               Decided: March 17, 2015

Filed:

      _____
            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Douglas Wayne Levanger ("Levanger") appeals from the District Court's order denying his motion to exclude the Intoxilyzer 8000 breath test results.  We affirm.

**ISSUE**

¶2     Whether the District Court abused its discretion when it denied Levanger's motion to exclude the Intoxilyzer results.

**BACKGROUND**

¶3     On April 14, 2013, Trooper Rehbein arrested Levanger on charges of driving under the influence of alcohol and placed him in handcuffs in the backseat of the patrol vehicle.  Trooper Blaine Heavner accompanied Trooper Rehbein, who was on his last day of field-training status.  At 8:40 a.m., the troopers transported Levanger to the Gallatin County Detention Center for a breath test using an Intoxilyzer 8000.

¶4     Approximately five minutes into the drive, Trooper Rehbein stopped the vehicle after realizing that he had not checked Levanger's mouth for substances.  The Intoxilyzer's operational checklist recommends that the subject refrain from oral ingestion of any material for twenty minutes prior to the test.  Upon inspection, Trooper Rehbein discovered that Levanger had chewing tobacco in his mouth and asked him to spit it out.  Trooper Rehbein then visually inspected the mouth, asking Levanger to open his mouth wide and lift his tongue, but he did not physically check the mouth.

¶5     At 8:59 a.m., the group arrived at the Gallatin County Detention Center. Levanger's breath sample was taken at 9:11 a.m. using the Intoxilyzer 8000 machine. The test results indicated Levanger's blood alcohol content was 0.126.

¶6 Levanger was convicted in Justice Court of misdemeanor driving under the influence, first offense, and appealed to the District Court. On April 14, 2014, Levanger moved to exclude the Intoxilyzer results, arguing that they were obtained in violation of the machine's checklist. The District Court conducted an evidentiary hearing and heard testimony. During direct examination of Trooper Rehbein, Levanger introduced a Breath Analysis Report Form bearing Rehbein's signature and the operational checklist. Trooper Rehbein testified that he observed the suggested deprivation period, starting the deprivation period at 8:51 a.m. and not administering the test until 9:11 a.m. He estimated that eight minutes of the twenty-minute period were spent driving. Trooper Rehbein explained that he adjusted his rearview mirror to observe Levanger, who was handcuffed and falling asleep. The District Court denied Levanger's motion to exclude. Levanger pled guilty, reserving the right to appeal the denial of the motion.

## STANDARD OF REVIEW

¶7 We review a district court's evidentiary rulings for an abuse of discretion. *State v. Fenton*, 1998 MT 99, ¶ 11, 288 Mont. 415, 958 P.2d 68. "The determination of whether evidence is relevant and admissible is left to the sound discretion of the trial judge and will not be overturned absent a showing of abuse of discretion." *Fenton,* ¶ 11.

## DISCUSSION

¶8 *Issue: Whether the District Court abused its discretion when it denied Levanger's motion to exclude the Intoxilyzer results.*

¶9 Levanger argues that the District Court erred when it denied his motion to exclude the Intoxilyzer results because the test was not administered in compliance with the

operational checklist. Levanger maintains the District Court's reliance on his handcuffed arms is misplaced. Rather, he argues that because Trooper Rehbein was driving for a significant portion of the deprivation period, Levanger could have regurgitated and swallowed the substance or ingested chewing tobacco residue. Finally, Levanger asserts that this case is distinguishable from *State v. Flaherty,* 2005 MT 122, 327 Mont. 168, 112 P.3d 1033 and *City of Missoula v. Lyons*, 2004 MT 255, 323 Mont. 67, 97 P.3d 1120, arguing that here there is no additional evidence, such as a video or other officers' observations, supporting the conclusion that the deprivation period was properly observed.

¶10 The District Court concluded that the Intoxilyzer results were admissible. The District Court noted that twenty minutes had passed from the removal of the chewing tobacco and the administering of the test. Further, the District Court found credible Trooper Rebhein's testimony that Levanger was under observation during the drive and unable to access any substance while his hands were handcuffed behind his back. Regarding any suggestion of regurgitated fluid, the District Court noted that there was no observation of any symptoms signaling that behavior either during the drive or during the time at the Detention Center.

¶11 The District Court did not abuse its discretion when it denied Levanger's motion. "Every defendant is entitled to the protection of the procedural safeguards that are contained in Montana's administrative rules." *Flaherty,* ¶ 14 (citations omitted). Older versions of Admin. R. M. 23.4.212 required compliance with a breath analysis device's operational checklist. Admin. R. M. 23.4.212(7) (2002). The current rule does not

4

require compliance with the checklist. Admin. R. M. 23.4.212 (2012). Rather, the current rule, in effect when Levanger committed the offense, provides only that "breath samples of deep lung air shall be analyzed using only the breath analysis instrumentation or PAST devices approved under this rule." Admin. R. M. 23.4.212(7) (2012). The Intoxilyzer 8000 is approved by the rule.

¶12 Levanger also points to *State v. Flaherty* and *City of Missoula v. Lyons*, **arguing that additional evidence is necessary to support the conclusion that the deprivation period was properly observed. Reliance on *Flaherty* and *Lyons* is not helpful to Levanger's case. First, those cases, decided in 2005 and 2004, analyzed the older version of Admin. R. M. 23.4.212, which required compliance with the Intoxilyzer's checklist. Today, there is no affirmative requirement in the regulations to comply with the checklist.

¶13 Second, those cases relied on similar evidence as the District Court here to establish that the defendants did not ingest any substance during the deprivation period. In *Flaherty*, the Court rejected the defendant's argument that he could have regurgitated while handcuffed, noting that he was videotaped, as well as observed through the rearview mirror by the arresting officer and later by a detention officer. *Flaherty,* ¶¶ 13,15. In *Lyons*, the defendant was alone for two minutes in a restroom with a drinking fountain. We affirmed the lower court's denial of the defendant's motion to suppress, noting that she had nothing on her person that could have been ingested and the officer did not hear her use the restroom's drinking fountain. *Lyons, ¶ 17.*

¶14 Here, although there is no videotape, ample evidence supports the conclusion that, while not required to do so under the current administrative rule, Trooper Rehbein followed the suggested checklist printed on the Breath Analysis Report Form. Levanger spit the chewing tobacco out and Trooper Rehbein visually inspected his mouth at least twenty minutes before the test was administered. Trooper Rehbein observed Levanger during the eight minute drive, adjusting his rearview mirror to watch the defendant rather than the rear window. Additionally, Levanger was handcuffed throughout the entire period, preventing him from placing anything in his mouth. Finally, Trooper Rehbein observed no symptoms or signals that Levanger had vomited and this argument amounts to a hypothetical without any factual basis.

¶15 For the foregoing reasons, we affirm the District Court.


/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA