

DA 07-0542

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 17N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CONN A. MANEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 06-156
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          James B. Wheelis, Chief Appellate Defender; Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General; Helena, Montana

          Cyndee L. Peterson, Hill County Attorney; Gina Bishop, Deputy County
Attorney, Havre, Montana

Submitted on Briefs:  December 24, 2008

Decided:  January 27, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On May 31, 2007, a Hill County jury convicted Conn A. Maney (Maney) of violating § 45-7-206(1), MCA, Tampering with Witnesses, a felony, and he appeals. We affirm.

¶3 Maney argues the State did not present sufficient evidence to support his conviction for tampering with a witness. In determining whether sufficient evidence exists to support a conviction, we view the evidence in the light most favorable to the State. *State v. Tuomala*, 2008 MT 330, ¶ 13, 346 Mont. 167, 194 P.3d 82. At trial, the State presented evidence that in September 2006, Maney was initially charged with partner-family member assault upon Jeannie Adams. According to Adams, while that charge was pending, Maney demanded that Adams recant and "drop the charges," even at the risk of her being charged with false reporting. Maney also threatened her with such actions as taking her daughter from her if she failed to recant. Upon viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

2

*Tuomala*, ¶ 13. At a minimum, the evidence supported the assertion that Maney had purposely or knowingly attempted to induce a witness to inform falsely under § 45-7-206(1)(a), MCA.

¶4 Maney also argues that the District Court erred by prohibiting certain questions defense counsel sought to ask on cross examination of Adams. However, admitting or excluding evidence lies within the sound discretion of the trial judge, and we review for abuse of discretion. *State v. Kowalski*, 252 Mont. 166, 171, 827 P.2d 1253, 1256 (1992). Defense counsel sought to impeach Adams by asking about warnings she had allegedly received from police about making false reports.

¶5 "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness." M. R. Evid. 608(b). Upon the State's objection, the District Court properly prohibited Maney from impeaching the witness using extrinsic evidence—evidence of statements or actions of others. *See State v. Martin*, 279 Mont. 185, 926 P.2d 1380 (1996). Without analyzing all of the District Court's statements on the issue, it is clear that Maney has not established that the ultimate prohibition of the questioning was an abuse of discretion by the District Court.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us

3

that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7     We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS