No. 98-480

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 317

297 Mont. 263

991 P.2d 461

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROBERT DELANEY,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Wendy Holton, Attorney at Law, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General; Helena, Montana

Mike McGrath, Lewis and Clark County Attorney; Mike Menahan,

Deputy Lewis and Clark County Attorney, Helena, Montana

_____

Submitted on Briefs: September 2, 1999

Decided: December 20, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶ Robert Delaney (Delaney) appeals from the judgment entered by the First Judicial District Court, Lewis and Clark County, on a jury verdict finding him guilty of the offense of driving under the influence of alcohol (DUI). We affirm.

2. ¶ The issue on appeal is whether the District Court abused its discretion in denying Delaney's motion *in limine* and admitting evidence of the results of his breath test.

## BACKGROUND

3. ¶ Delaney was arrested on February 28, 1997, and subsequently charged with third offense DUI. At the time of his arrest, Delaney's breath was tested on an Intoxilizer 5000 machine (Intoxilizer) which measured his breath alcohol concentration at .168. A jury in Lewis and Clark County Justice Court found Delaney guilty and he appealed the conviction to the District Court. The District Court scheduled a jury trial for March 4, 1998.

4. ¶ On the morning of trial, Delaney moved *in limine* to exclude the results of the Intoxilizer test, asserting that the State of Montana (State) could not provide adequate foundation regarding the Intoxilizer's annual certification to allow admission of the test results into evidence. The District Court denied the motion and the test results were admitted into evidence at trial.

5. ¶ The jury found Delaney guilty of DUI and the District Court sentenced him and entered judgment. Delaney appeals.

## STANDARD OF REVIEW

6. ¶ A district court's decision regarding a motion *in limine* is an evidentiary ruling. See State v. Fenton, 1998 MT 99, ¶ 11, 288 Mont. 415, ¶ 11, 958 P.2d 68, ¶ 11. "The determination of whether evidence is relevant and admissible is left to the sound discretion of the trial judge and will not be overturned absent a showing of abuse of discretion." Fenton, ¶ 11 (citations omitted).

## DISCUSSION

7. ¶ Did the District Court abuse its discretion in denying Delaney's motion *in limine* and admitting evidence of the results of his breath test?

8. ¶ The State closely regulates the breath analysis instruments used in determining the breath alcohol concentration of a person charged with an alcohol-related driving offense through the Administrative Rules of Montana (ARM). State v. Woods (1995), 272 Mont. 220, 222, 900 P.2d 320, 322. A person charged with such an offense is entitled to the procedural safeguards contained in the ARM. Woods, 272 Mont. at 222, 900 P.2d at 322. Consequently, in order for the results of a defendant's breath test to be admitted into evidence in a criminal trial, the State must lay a proper foundation by establishing that the instrument used for the test complied with the ARM requirements. Woods, 272 Mont. at 223, 900 P.2d at 322.

9. ¶ Section 23.4.214, ARM, the provision at issue in this case, requires that all breath analysis equipment be sent to the State division of forensic science annually for a

laboratory certification. Several times during pretrial discovery, Delaney requested the State to provide documentation that the Intoxilizer used to test his breath had been properly certified as required by § 23.4.214, ARM, and the State produced a copy of the laboratory certification form in response to each request.

10. ¶ On the morning of trial, Delaney moved *in limine* to exclude the results of his breath test, asserting that the annual certification form was inadmissible hearsay which could not be used to lay the necessary foundation for admission of his breath test results. During brief arguments on Delaney's motion, the State contended it was not required to have the annual certification form admitted into evidence in order to lay the foundation for admitting the breath test and, as a result, it did not matter that the document was hearsay. According to the State, it only needed to establish to the satisfaction of the court that the certification had been performed. The District Court agreed, denied Delaney's motion and admitted Delaney's Intoxilizer breath test results into evidence. Delaney asserts the District Court abused its discretion.

11. ¶ As stated above, the State must lay a foundation for admission of breath test results in a DUI trial by establishing, *inter alia*, that the ARM requirement for annual certification of the Intoxilizer machine used for the test has been met. Delaney asserts that, to lay this foundation, the State must introduce--and have admitted into evidence at trial--proof that the annual certification has been performed. He further asserts that the annual certification form is hearsay and, consequently, it is admissible only if it meets one of the exceptions to the hearsay rule. According to Delaney, the State informed him prior to trial that it would attempt to introduce the certification form under Rule 803(6), M.R.Evid., which is the business records exception to the hearsay rule. He argues that the certification form is not admissible under this exception, however, because Rule 803(6) requires that the custodian of the records to be admitted must testify at trial and the State did not call Philip Lively (Lively), the person who performs the annual certifications on the Intoxilizers and is the custodian of those records, as a witness. He also argues that the certification form is not admissible as a State crime laboratory report under Rule 803(6) because the State did not give him written notice of its intent to offer the form as such as required by the Rule.

12. ¶ In response, the State contends it is not required to have a foundational document such as the annual certification form admitted into evidence at trial, as long as it produces the document and establishes to the court's satisfaction that the annual certification required by the ARM occurred. Thus, the State contends it was not required to meet the Rule 803(6) hearsay exception by calling Lively to testify as the custodian of the certification records.

13. ¶ Delaney relies on <u>Woods</u> in support of his contention that the State must have foundational evidence admitted at trial. In that case, we held that the district court abused its discretion in admitting breath test evidence when the prosecution did not lay proper foundation by establishing that the instrument used for the test complied with the ARM. <u>Woods</u>, 272 Mont. at 223, 900 P.2d at 322. Unlike the present case, however, the prosecution in <u>Woods</u> advanced no evidence whatsoever that the breath test instrument complied with the ARM. <u>Woods</u>, 272 Mont. at 223, 900 P.2d at 322. Because no foundational evidence was offered in <u>Woods</u>, we were not presented with the issue before us here--namely, whether the foundational evidence of compliance with the ARM must be admitted into evidence. As a result, <u>Woods</u> is inapplicable.

14. ¶ The determination of whether adequate foundation exists for the admissibility of evidence is within the sound discretion of the district court. State v. Weeks (1995), 270 Mont. 63, 75, 891 P.2d 477, 484 (citations omitted). In the present case, the question of whether adequate foundation existed for admission of the Intoxilizer results depended on a determination of whether the Intoxilizer used to test Delaney's breath had undergone annual certification at the State crime laboratory as required by § 23.4.214, ARM. This determination was to be made by the District Court in accordance with Rule 104(a), M.R.Evid., which provides that

[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court. In making its determination it is not bound by the rules of evidence except those with respect to privileges.

The final sentence of this Rule appears to authorize a district court to examine any proffered evidence, regardless of its admissibility, in determining the admissibility of challenged evidence.

15. ¶ While we have not previously addressed this portion of Rule 104(a), we observe that it is identical to Rule 104(a) of the Federal Rules of Evidence. Under such circumstances, interpretations of the federal rule are persuasive in interpreting our Montana rule. <u>See</u> U.S. Fidelity and Guar. Co. v. Rodgers (1994), 267 Mont. 178, 182, 882 P.2d 1037, 1039; Heltborg v. Modern Machinery (1990), 244 Mont. 24, 29-30, 795 P.2d 954, 957. Federal courts interpreting Rule 104(a) of the Federal Rules of Evidence have held that, in determining whether adequate foundation exists for the admission of evidence, the plain language of the Rule authorizes a trial court to

consider any evidence "includ[ing] hearsay and other evidence normally inadmissible at trial." United States v. Franco (7th Cir. 1989), 874 F.2d 1136, 1139 (citing Bourjaily v. United States (1987), 483 U.S. 171, 178-79, 107 S.Ct. 2775, 2780, 97 L.Ed.2d 144, 154-55); see also United States v. Campbell (5th Cir. 1996), 73 F.3d 44, 48; United States v. Merritt (10th Cir. 1982), 695 F.2d 1263, 1269-70.

16. ¶ We conclude that Rule 104(a), M.R.Evid., authorized the District Court to consider the annual certification form in determining whether an adequate foundation existed for admission of the Intoxilizer results without regard to whether the form itself was hearsay. Consequently, and contrary to Delaney's assertion, the State was not required to call Lively, as the custodian of the annual certification records, to testify. We conclude that the District Court did not abuse its discretion in denying Delaney's motion *in limine* on this basis.

17. ¶ Delaney also argues that allowing the State to establish foundation for the Intoxilizer result through a hearsay document without Lively's testimony violates his constitutional right to confront and cross-examine the witness. In support of his argument, he relies on our recent holding that the hearsay exception in Rule 803(8), M.R.Evid., which allows admission of a state crime laboratory report into evidence without the testimony of the compiler of the report is unconstitutional because it violates the defendant's right to confrontation. See State v. Clark, 1998 MT 221, ¶ 25, 290 Mont. 479, ¶ 25, 964 P.2d 766, ¶ 25. Delaney contends that the State offered the annual certification form as a state crime laboratory report pursuant to language in Rule 803(6), M.R.Evid., which is identical to the portion of Rule 803(8) held unconstitutional in Clark, and, as a result, his right to confrontation was violated in the same manner as the defendant's in that case.

18. ¶ The evidence offered under the state crime laboratory report hearsay exception in Clark was a report of the chemical analysis of alleged drugs taken from the defendant when he was arrested. The chemical analysis was a critical part of the substantive evidence offered by the prosecution to prove the defendant committed the offense of criminal possession of dangerous drugs. Clark, ¶ 24. Thus, failing to call the compiler of the chemical analysis report violated the defendant's right to confront his accusers. Clark, ¶ 25. Here, however, the annual certification form was not substantive evidence used to prove the charged DUI offense. It merely provided the foundation required for the admission of other substantive evidence. The information in the annual certification form was not accusatory in the same manner as the chemical analysis in Clark and, as a result, that case is distinguishable.

19. ¶ Furthermore, contrary to Delaney's contention, the State did not offer the Intoxilizer's annual certification form for admission into evidence as a state crime

laboratory report. Indeed, the State has maintained throughout these proceedings that it was not required to have the certification form admitted into evidence to establish the necessary foundation for the Intoxilizer results. Therefore, because the certification form was not offered or admitted under the state crime laboratory hearsay exception, Clark is inapplicable here. We conclude that Delaney has not established a violation of his right to confrontation.

20. ¶ We hold that the District Court did not abuse its discretion in denying Delaney's motion *in limine* and admitting evidence of the results of his breath test.

21. ¶ Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER