DA 07-0759

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 26

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CAROL F. WHITE,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twelfth Judicial District, In and For the County of Hill, Cause No. DC 07-040 Honorable David Rice, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Jeremy S. Yellin, Attorney at Law; Havre, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

            Cyndee L. Peterson, Hill County Attorney; Lindsay Osborne, Deputy County Attorney, Havre, Montana

Submitted on Briefs:  January 14, 2009

Decided:  February 3, 2009

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Appellant Carol F. White (White) was arrested on August 17, 2006, for driving under the influence of alcohol a misdemeanor, in violation of § 61-8-401, MCA.   She was  tried and convicted in the Justice Court of Hill County, and appealed to the Twelfth Judicial District Court, Hill County.  After a jury trial in District Court she was again convicted of driving while under the influence of alcohol.  White now appeals from the Judgment of Conviction entered by the District Court, which was stayed pending appeal.  We reverse and remand for a new trial.

¶2     In the proceedings in District Court White lodged repeated objections to admission of testimony concerning the results of the alcohol concentration breath analysis conducted the night of her arrest.  Those objections were ultimately overruled and the evidence was admitted.

¶3     The dispositive issue on appeal is whether the District Court abused its discretion in admitting the results of the breath analysis over White's objection that the prosecution did not lay a proper foundation for the evidence.

BACKGROUND

¶4     Montana Highway Patrolman Joseph Kinsey stopped the truck driven by White about one o'clock in the morning near Havre after he noticed that it lacked front or back license plates or a temporary sticker.  Kinsey testified that White was slow to respond, that there was a strong odor of alcohol from the truck, that her eyes were red, bloodshot and glassy, and that she slurred words when she spoke.  White admitted to Kinsey that she had been drinking and

2

she failed initial field sobriety tests. Kinsey arrested White and took her to the Hill County Detention Center where he administered additional sobriety tests and a breath analysis for alcohol.

¶5 White was convicted under § 61-8-401(4)(c), MCA, which provides that when a person's blood alcohol concentration is .08 or more, there is a rebuttable inference that the person was under the influence of alcohol. Here, White's blood alcohol concentration as registered by the breath analysis at the Detention Center, was .112. At trial, the jury was instructed as to the statutory rebuttable presumption.

¶6 In a prosecution for driving under the influence, other competent evidence bearing on the issue of whether the defendant was under the influence of alcohol may be introduced. In this case in the District Court the prosecution offered testimonial evidence of White's appearance, her driving, the odor of alcohol, and her ability to function and perform sobriety tests. *See* § 61-8-401(5) and § 61-8-404, MCA. Even when breath analysis is only one piece of the evidence that the jury hears, the results of the test, while not conclusive, can be an important part of the prosecution. *State v. Pol*, 2008 MT 352, ¶12, 346 Mont. 322, 195 P.3d 807.

STANDARD OF REVIEW

¶7 The district court has broad discretion to determine what evidence is relevant and admissible, and absent a showing of abuse of discretion we will not overturn the lower court's determination. *State v. Fenton*, 1998 MT 99, ¶ 11, 288 Mont. 415, 958 P.2d 68. Where a discretionary ruling is based on a conclusion of law, we review that conclusion to

3

determine whether the court correctly interpreted the law. *State v. Incashola*, 1998 MT 184 ¶ 9, 289 Mont. 399, 961 P.2d 745.

DISCUSSION

¶8 In Montana the State closely regulates the instruments that law enforcement officers use to test breath alcohol concentration, and the State requires training and certification of the officers who administer the tests. *State v. Delaney*, 1999 MT 317, ¶ 8, 297 Mont. 263, 991 P.2d 461. A person suspected of an offense involving intoxication is entitled to be tested on an instrument that is regularly inspected and calibrated, and to have the test administered by a person who is trained to do so. The breath analysis instruments must be sent to the Forensic Science Division of the Montana Department of Justice (also known as the "crime laboratory") for yearly certification and must be field certified for accuracy on a weekly basis by the local law enforcement agency. Admin. R. M. 23.4.201 through 219. The State laboratory keeps a record of its annual certification of each breath analysis instrument used in Montana. Admin. R. M. 23.4.214 (2).

¶9 At White's trial in District Court, Havre Police Sergeant Matosich testified over objection that the breath analysis machine had been sent to the State laboratory for annual laboratory certification, and he identified a copy of the annual laboratory certification document that the Havre Police received from the State. The author of the State laboratory certification document was not present at trial and did not testify. The annual State laboratory certification document was admitted into evidence over White's objection that there was inadequate foundation and that the requirements of M. R. Evid. 803(6) had not

4

been met.

¶10 We have previously held that when a defendant is charged with a violation of § 61-8-401, MCA, the prosecution must lay a proper foundation for the admission of the results of alcohol concentration breath analysis. *State v. Woods*, 272 Mont. 220, 222-23, 900 P.2d 320, 322 (1995). That proper foundation includes showing that the person who administered the breath analysis was certified to do so; that the breath analysis instrument was field certified for accuracy every seven days; and that the instrument was certified by the State laboratory on an annual basis, all as provided in the administrative rules. Admin. R. M. 23.4.201 through 219. Admitting the results of a blood alcohol test into evidence without that required foundation is an abuse of discretion. *Woods*, 272 Mont. at 222-23, 900 P.2d at 322; *Incashola*, ¶ 8.

¶11 A law enforcement officer may testify as to whether he or she is trained and certified to administer a breath test, and the local officer responsible for completing the weekly field certification of the breath analysis instrument may testify as to whether that was done. That evidence was offered and properly admitted at White's trial. However, the State-generated document memorializing the annual laboratory certification of the instrument by the Forensic Science Division of the Montana Department of Justice was offered into evidence through a Havre Police officer, and not through the author. This is hearsay because the document was offered into evidence and the author was not called to testify. M. R. Evid. 801.

¶12 Admission of the annual State laboratory certification into evidence without the presence of its author requires an exception to the rule excluding hearsay, and is governed by

5

M. R. Evid. 803(6). That Rule provides that written reports of the "state crime laboratory" are an exception to the rule excluding hearsay evidence, but only

> when the state has notified the court and opposing parties in writing of its intention to offer such report or reports in evidence at trial in sufficient time for the party not offering the report or reports (1) to obtain the depositions before trial of the person or persons responsible for compiling such reports, or (2) to subpoena the attendance of said persons at trial.

M. R. Evid. 803(6). The record of the annual laboratory certification of the breath analysis instrument by the Forensic Science Division of the Montana Department of Justice falls squarely within this Rule. Therefore, whenever the annual State certification document is offered into evidence and the author of the report is not present as a witness, the prosecution must have complied with M. R. Evid. 803(6) as part of the required foundation for admitting the alcohol concentration breath test results into evidence.

¶13    While there may be few instances in which the State laboratory certification of a breath analysis instrument is an issue at trial after the required notice is given, the requirements of M. R. Evid. 803(6) are specific and clear. The notice requirement of the Rule is self-executing; it is a mandatory duty of the prosecution that does not depend upon a pretrial motion, demand, or objection by the defendant.

¶14    The notice required by M. R. Evid. 803(6) was not provided to White in this case and White made a timely and effective objection. The record shows that the prosecution did not provide the notice required by the Rule, and the annual laboratory certification document was not given to White until at or near the time it was offered into evidence at trial. There is nothing in the record to indicate that White received the prior notice required by M. R. Evid.

6

803(6) in time to obtain depositions or subpoena the report's author for trial. When the prosecution offered the State laboratory report into evidence at trial, White made a timely and appropriate foundation objection that was overruled by the District Court. This was error and neither the evidence of the annual testing nor the results of the breath test should have been admitted.

¶15     Reversed and remanded for a new trial.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS