FILED

August 2 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0127

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 184

STATE OF MONTANA,

      Plaintiff and Appellant,

  v.

GAVIN JOHNSTON,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Tenth Judicial District,
                  In and For the County of Fergus, Cause No. DC 10-30
                  Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
                Assistant Attorney General, Helena, Montana

                Thomas P. Meissner; Fergus County Attorney, Lewistown, Montana

        For Appellee:

                Craig R. Buehler; Attorney at Law, Lewistown, Montana

Submitted on Briefs:  July 13, 2011

Decided:  August 2, 2011

Filed:

_____
                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     This is an appeal by the State of Montana pursuant to § 46-20-103, MCA, from the District Court's order suppressing the results of a breath test in a prosecution for driving under the influence of alcohol.  We reverse.

## BACKGROUND

¶2     Gavin Johnston was arrested for driving under the influence of alcohol on April 23, 2010.  Johnston provided a sample of his breath to test for alcohol concentration, using a breath analysis instrument called the Intoxilyzer 8000.  The result of that breath test showed that Johnston had a blood alcohol concentration of .12.   In May, 2010 the State charged Johnston with driving under the influence of alcohol, fourth offense, pursuant to § 61-8-401, MCA.

¶3     The Intoxilyzer 8000 device used to test Johnston's breath had been inspected and calibrated by the State Forensic Science Division on April 14, 2010, and had been field tested by the Fergus County Sheriff's Office on April 15, 2010.  Johnston's motion to suppress was based upon the fact that the device had not been field tested by the Fergus County Sheriff's Office within a week of his April 23, 2010 arrest.  Johnston's motion was based upon this Court's decision in *State v. Gieser*, 2011 MT 2, 359 Mont. 95, 248 P.3d 300, in which this Court referred to a requirement in the Administrative Rules of Montana that breath testing machines be field inspected and calibrated on a "weekly basis." *Gieser*, ¶ 11.

2

¶4     The District Court noted that the rule governing inspection of breath analysis instruments like the Intoxilyzer 8000 had been amended in 2007 to require field certification every 31 days. Admin. R. M. 24.4.213. Prior to the 2007 amendment the rule required weekly field certification. The District Court determined that the reference to weekly certification in *Gieser* was an error, but that district courts are required to follow the decisions of this Court "whether or not they agree with them." Accordingly, based upon the reference in *Gieser* to weekly certification, the District Court granted Johnston's motion to suppress.

## STANDARD OF REVIEW

¶5     This Court reviews a district court's ruling on a motion to suppress to determine whether the findings of fact were clearly erroneous, and whether the interpretation and application of law were correct. *State v. Hafner*, 2010 MT 233, ¶ 12, 358 Mont. 137, 243 P.3d 435.

## DISCUSSION

¶6     The State of Montana closely regulates breath analysis instruments used to determine the alcohol concentration in a person charged with an alcohol-related driving offense. *State v. Delaney*, 1999 MT 317, ¶ 8, 297 Mont. 263, 991 P.2d 461. The Forensic Science Division of the Montana Department of Justice has adopted rules for insuring the accuracy of breath analysis instruments, as directed by §§ 61-8-405 and -409, MCA. *See e.g.* Admin. R. M. 23.4.213.

¶7     The issue in this case is whether the Intoxilyzer 8000 used to test Johnston's breath had been properly field certified for accuracy. The undisputed facts show that the

3

device was properly certified as required by Admin. R. M. 23.4.213, as amended in 2007. That rule requires that "[b]reath analysis instruments shall be field certified for accuracy at least once every 31 days," and the device used in this case had been field certified on April 15, 8 days prior to the April 23 arrest.

¶8 Nothing in the *Gieser* opinion changed the administrative rule on field certification of breath analysis instruments, nor was any change intended. The issue in *Gieser* was not how often breath analysis instruments must be certified for accuracy, but rather whether counsel was ineffective for failing to object to admission of evidence obtained through an instrument that had not been properly certified. There was no question that the instrument used to test Gieser's breath was not properly certified. This Court incorrectly recited that the administrative rules required weekly field certification. *Gieser*, ¶ 11. That statement was error because the administrative rule had been changed in 2007 to require field certification only every 31 days, as explained above. That statement was dicta because the applicable time frame for field certification was not an issue in the case. The reference in *Gieser* to weekly field testing of breath analysis instruments should not be cited or relied upon as authority as to how often breath analysis instruments must be field certified. *Mont. Petroleum Tank Release Comp. Bd. v. Empire Fire & Marine Ins. Co.*, 2008 MT 195, ¶ 22, 344 Mont. 54, 185 P.3d 1021.

¶9 There was similar language noting a requirement for weekly field certification of breath analysis instruments in *State v. White*, 2009 MT 26, 349 Mont. 109, 201 P.3d 808. While *White* was decided in 2009, the breath test at issue had been undertaken in 2006. Therefore, the pre-2007 version of the administrative rule requiring weekly field

4

certification was applicable in *White* and was correctly referenced in the opinion. There is nothing in *White* that makes a weekly field certification requirement applicable to Johnston's breath test.

¶10     The District Court's order suppressing the evidence is reversed and this case is remanded to the District Court for further proceedings.


                                        /S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE