DA 11-0361

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 287

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

JASON HOMER JENKINS,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
        In and For the County of Gallatin, Cause No. DC 10-163A
        Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Suzanne C. Marshall; Marshall Law Firm, Bozeman, Montana

   For Appellee:

     Steve Bullock, Montana Attorney General; John Paulson,
     Assistant Attorney General, Helena, Montana

     Marty Lambert, Gallatin County Attorney, Eric N. Kitzmiller,
     Deputy County Attorney, Bozeman, Montana

          Submitted on Briefs: October 26, 2011

              Decided: November 15, 2011

Filed:

    _____
          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Jason Jenkins appeals from his conviction for felony DUI after a jury trial in March, 2011. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 On June 19, 2010, Bozeman Police Officer Joel Hiester observed Jason Jenkins driving a motorcycle erratically. Hiester stopped Jenkins, administered field sobriety tests, and arrested him for driving a motorcycle under the influence of alcohol. At the Gallatin County Detention Center Jenkins agreed to a breath test using the Intoxilyzer 8000 device. The test showed that Jenkins had a blood alcohol content of .138. The State charged Jenkins with DUI, fourth or subsequent offense, a felony, § 61-8-731, MCA. That charge was tried to a jury in March, 2011 and Jenkins was convicted. The District Court committed Jenkins to the Montana Department of Corrections for 13 months, followed by a five-year suspended sentence.

¶3 On appeal Jenkins contends that the District Court erred by admitting hearsay evidence as part of the foundation for the admission of the results of his breath test.

## STANDARD OF REVIEW

¶4 Determining the adequacy of the foundation for admission of evidence is a matter within the sound discretion of the district court. *State v. Pol*, 2008 MT 352, ¶ 11, 346 Mont. 322, 195 P.3d 807. This Court reviews a district court's rulings on admissibility of evidence for abuse of discretion, which occurs if the trial judge acts arbitrarily or unreasonable and substantial injustice results. *State v. Bonamarte*, 2009 MT 243, ¶ 13,

2

351 Mont. 419, 213 P.3d 457; *State v. Hendershot*, 2007 MT 49, ¶ 19, 336 Mont. 164, 153 P.3d 619.

**DISCUSSION**

¶5 The State of Montana closely regulates breath analysis instruments like the Intoxilyzer 8000, and the Montana Department of Justice has adopted regulations that law enforcement agencies must follow to insure the accuracy of the results of breath tests. *State v. Johnston*, 2011 MT 184, ¶ 6, 361 Mont. 301, 258 P.3d 417; *State v. Delaney*, 1999 MT 317, ¶ 8, 297 Mont. 263, 991 P.2d 461. The regulations require that the accuracy of the instruments be certified annually by the State and once every 31 days in the field, usually by the local law enforcement agency. *Johnston*, ¶ 7. The State must demonstrate that the accuracy of the instrument was certified in accordance with the regulations as part of the foundation for admission of breath test evidence. *State v. Incashola*, 1998 MT 184, ¶ 8, 289 Mont. 399, 961 P.2d 745.

¶6 At Jenkins' trial the State, through the testimony of Officer Hiester, submitted the annual certification of the accuracy of the Intoxilyzer 8000 by the Forensic Science Division of the Montana Department of Justice. That document was received without objection. The State then offered through Hiester two field certification documents for the device, prepared by an officer with the Gallatin County Sheriff's Department. Jenkins objected to the field certification documents as hearsay because Hiester, while certified as a breath test specialist, was not the author or custodian of the documents.

¶7 On appeal Jenkins argues that the field certification documents were hearsay and were admissible only upon compliance with M. R. Evid. 803(6). That Rule provides an

3

exception to hearsay exclusion for "records of regularly conducted activity" as attested by the "custodian or other qualified witness." Jenkins contends that Hiester was not a "custodian or other qualified witness" who could provide the required foundation for the field certification documents under Rule 803 because he did not observe or participate in the certification of the breath testing instrument. Jenkins contends that the District Court therefore erred in considering the field certifications as part of the foundation for the breath test evidence.

¶8 When a district court is considering the State's foundation evidence preliminary to determining whether to admit the results of a breath test, it must proceed under M. R. Evid. 104(4); *Delaney*, ¶ 14. Rule 104(a) provides:

> Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court. *In making its determination it is not bound by the rules of evidence* except those with respect to privileges.

(Emphasis added.) It is established that when a district court is determining whether there is adequate foundation for admission of breath test results in a DUI prosecution, Rule 104(a) authorizes the court to do so without regard to whether the certification forms are hearsay. *Delaney*, ¶ 16. In *State v. White*, 2009 MT 26, 349 Mont. 109, 201 P.3d 808, there is language that indicates that breath instrument certification documents are hearsay and may not be received by the district court unless the State demonstrates an exception to the hearsay rule. *See e.g. White*, ¶ 12. This language is inconsistent with *Delaney* and with *State v. Carter*, 2005 MT 87, ¶ 32, 326 Mont. 427, 114 P.3d 1001, where we followed Delaney and held that a defendant's Sixth Amendment confrontation

4

right was not implicated by the use of these certification reports. Although neither party cited *White* in its briefs, we have overruled prior decisions when necessary to resolve discrepancy in our case law, and we conclude that it is appropriate to do so here. *See Quantum Elec. v. Schaeffer*, 2003 MT 29, ¶ 24, 314 Mont. 193, 64 P.3d 1026; *Gilco v. Permann*, 2006 MT 30, ¶ 24, 331 Mont. 112, 130 P.3d 155. Therefore, to the extent that *White* is inconsistent with *Delaney*, M. R. Evid. 104(a) and this opinion, it is overruled.

¶9    In the present case the State was not required to demonstrate that the field certifications fell within an exception to the hearsay rule. Neither the admissibility of the certifications nor whether they were an exception to the hearsay rule were determinative of whether the District Court could consider them in deciding whether there was adequate foundation for the breath test results. The existence of foundation is a question of law for the district court to decide and is not an issue for the jury. The certifications are not substantive evidence of the DUI offense. *Delaney*, ¶ 18.

¶10    Jenkins has not attempted to distinguish the clear rule of *Delaney* or M. R. Evid. 104(a) which control the result in this case. The District Court did not abuse its discretion in admitting the results of the breath test. The conviction is affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ JIM RICE