DA 12-0640

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 57

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

PAULETTE HOMER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DC 11-194
                Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Colin M. Stephens, Smith & Stephens, P.C.; Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General; Mardell Ployhar, Assistant
      Attorney General; Helena, Montana

      Fred R. Van Valkenburg, Missoula County Attorney; Jennifer Clark, Deputy
      County Attorney; Missoula, Montana

Submitted on Briefs:  February 5, 2014
Decided:  March 4, 2014

Filed:

_____

Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Paulette Homer appeals from her January 13, 2012 conviction for the offense of exploiting an older person, a felony, pursuant to § 52-3-825, MCA.

¶2     The sole issue on appeal is whether the District Court erred by refusing to admit at the bench trial of this charge, a transcript of the victim's testimony at a prior competency hearing.  We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     In May 2011 the State charged Homer with exploiting an older person pursuant to § 52-3-825, MCA.  The charge concerned Homer's aged mother who, at Homer's behest, obtained a reverse mortgage on her home.  Homer used the entire proceeds of approximately $141,000 to pay her own debts.  The District Court conducted a bench trial in January 2012 and found Homer guilty at the close of testimony on January 13, 2012.  In August 2012 the District Court sentenced Homer to 10 years in the custody of the Department of Corrections, suspended, and ordered her to pay restitution of $100,000.

¶4     On January 3, 2012, prior to the commencement of the bench trial in this case, the District Court held a hearing on the competency of the victim to testify at the upcoming trial.  The victim was sworn and testified briefly, responding to questions from the attorneys for each side.  At the conclusion of the testimony the District Court determined that the victim was competent to testify.  However, by the time of trial the victim's health had deteriorated to the extent that she was unable to testify.  At trial Homer asked the District Court to take judicial notice of the transcript of the victim's testimony as substantive evidence.  After hearing argument on the issue the District Court denied Homer's request.

2

¶5 The District Court determined that the victim's competency hearing did not pertain to the issues in the trial of the charge against Homer, in particular to the question of the victim's mental capacity at the time of the charged offense. Homer appeals, requesting that this Court reverse her conviction and remand for a new trial to include the victim's testimony at the competency hearing.

## STANDARD OF REVIEW

¶6 A district court has broad discretion to determine the relevancy and admissibility of evidence, and this Court will not overturn evidentiary rulings absent a showing of abuse of discretion. *State v. Lotter*, 2013 MT 336, ¶ 13, 372 Mont. 445, 313 P.3d 148; *State v. Berosik*, 2009 MT 260, ¶ 28, 352 Mont. 16, 214 P.3d 776. We review a district court's application of a statute or rule of evidence de novo to determine whether the application is correct. *Lotter*, ¶ 13. A court abuses its discretion if it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *State v. Breeding*, 2008 MT 162, ¶ 10, 343 Mont. 323, 184 P.3d 313.

## DISCUSSION

¶7 At the bench trial in this case Homer requested during her case-in-chief that the District Court take judicial notice of the testimony of the victim, given at the prior hearing held to determine whether the victim was competent to testify. Defense counsel represented that since the competency hearing had been held the victim had become incapable of testifying and was therefore an unavailable witness. Defense counsel argued the relevancy of the victim's "limited testimony" about her understanding of reverse mortgages, while acknowledging that "both sides did not have an opportunity to fully explore the issues for

3

purposes of trial." The State objected because the prior proceeding had dealt only with the victim's competency and that they would have examined the victim more thoroughly and on other issues if they had known that the testimony would be offered at trial. The District Court denied the request to include the competency hearing transcript as evidence in the trial on the merits of the charge, concluding that the testimony at the competency hearing "does not really go sufficiently to the issues that are before this Court."

¶8 A court may take judicial notice of the records of any court of this state, M. R. Evid. 202(b)(6). That includes prior proceedings in other cases, *Farmers Plaint Aid v. Fedder*, 2000 MT 87, ¶¶ 26-27, 299 Mont. 206, 999 P.2d 315, and prior proceedings in the same case, *State v. Loh*, 275 Mont. 460, 477-48, 914 P.2d 592, 603 (1996). In the *Loh* case, this Court upheld admission in a bench trial of the evidence from a prior suppression hearing in the same case. The State had "presented its case-in-chief at the suppression hearing," and the defendant was present with counsel. *Loh*, 275 Mont. at 477-78, 914 P.2d at 603.

¶9 Both sides in the present case agree that the testimony at the prior competency hearing was hearsay under M. R. Evid 802. Homer contends that the testimony was nevertheless admissible under M. R. Evid. 804(b)(1), which provides a hearsay exception for prior testimony if the declarant is unavailable and "if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross and redirect examination." The standard for admitting such evidence is whether the objecting party had the motive to conduct the same examination as he would at trial if the witness were available at that time. *United States v. Salerno*, 937 F.2d 797, 806 (2nd Cir. 1991). Homer contends that the District Court applied the wrong legal standard by rejecting the

4

competency hearing evidence because it did not "go sufficiently to the issues."  However, it is clear that the District Court was applying Rule 804(b)(1), agreeing with the State that it did not have a similar motive to develop testimony at the competency hearing as it would at trial.

¶10     Unlike the *Loh* case, neither side here "presented its case-in-chief" at the prior competency hearing.  To the contrary, the victim's testimony at the competency hearing was narrowly elicited to determine whether she was capable of expression concerning the case, and whether she understood the duty to tell the truth as provided in M. R. Evid. 601(b).  The testimony elicited from her was brief and general, and while each side was present and examined the witness, neither had the same interest in that proceeding as they did in the later trial on the merits.  Defense counsel correctly acknowledged at trial that "both sides did not have an opportunity [at the competency hearing] to fully explore the issues for purposes of trial."  If either side had participated in the competency hearing with the same interest as at trial, the victim would have been much more thoroughly examined and cross-examined than she was.  Because there were substantially different motives and interests in the competency hearing, the District Court properly applied M. R. Evid. 804(b)(1) and rejected the offer of the prior testimony.

¶11     Homer contends that the victim's prior testimony should have been admitted because the victim was not available to testify, and her prior testimony was a statement against interest.  The Montana Rules of Evidence provide for an exception to hearsay exclusion for a

> statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against

5

another or to make the declarant an object of hatred, ridicule, or disgrace, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true.

M. R. Evid. 804(b)(3).

¶12 The State contends that Homer waived this issue by not raising it in the District Court, and that she has not offered any material argument that would bring the victim's prior testimony within M. R. Evid. 804(b)(3). The State is correct on both grounds. This Court generally does not consider arguments made for the first time on appeal, *Lotter*, ¶ 30, and Homer has not made an argument that this un-preserved claim should be reviewed. The victim's general statements about the nature of reverse mortgages and her intention to give money to her children if they needed it were not in any way statements against interest so as to be admissible under M. R. Evid. 804(b)(3).

¶13 Homer contends that exclusion of the victim's prior testimony infringed her right to present a defense to the charges against her. A defendant is entitled under the United States Constitution to a meaningful opportunity to present a complete defense to a criminal charge. *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S. Ct. 1727, 1731 (2006); *State v. Jay*, 2013 MT 79, ¶ 32, 369 Mont. 332, 298 P.3d 396. That right can be improperly abridged by state evidentiary rules that categorically exclude crucial defense evidence without giving the trial court the discretion to admit the evidence when relevant. *Jay*, ¶ 33.

¶14 The State contends that Homer failed to preserve this issue by not raising it in the District Court, and that exclusion of the prior testimony did not impermissibly infringe upon Homer's right to present a complete defense.

6

¶15     Here, the District Court did not reject the prior testimony based upon a categorical rule of evidence, and did not act with little or no justification.  To the contrary, the District Court properly applied M. R. Evid. 804(b)(1), determining that the prior testimony was not sufficiently reliable to come within the offered exception to the rule excluding hearsay.  This is a general rule, virtually identical to the comparable Federal Rule of Evidence, designed to ensure adversarial fairness as to the party against whom the evidence is offered and on its face favors neither side.  *Jay*, ¶¶ 33-34 (exclusion of expert testimony did not infringe on the right to present a defense because the ruling was rationally related to the goal of requiring that expert testimony has a logical connection to the issues).  As discussed above, this was a proper exercise of judicial discretion and a proper application of the established rule of evidence.

¶16     For the reasons discussed above, the conviction is affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON

7