FILED

April 7 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0563

DA 14-0563

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 98

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

DAVID M. SCHWARZMEIER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 14-38
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Russ Hart, Karl Knuchel, Attorneys at Law, Livingston, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Bruce Becker, Park County Attorney, Kathleen Carrick, Chief Deputy
County Attorney, Livingston, Montana

Submitted on Briefs:  February 18, 2015
Decided:  April 7, 2015

Filed:

                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    David Schwarzmeier (Schwarzmeier) appeals from the judgment entered by the District Court of the Sixth Judicial District, Park County, denying his motion to suppress a report from the State Forensic Science Division.  We affirm.

## ISSUE

¶2    Schwarzmeier raises numerous issues on appeal.  We rephrase the dispositive issues as follows:

¶3    Issue One: Whether the District Court abused its discretion when it affirmed the Justice Court's denial of Schwarzmeier's motion to exclude the crime lab report.

¶4    Issue Two: Whether the District Court abused its discretion when it concluded that the crime lab report was supported by proper foundation.

## BACKGROUND

¶5    On July 17, 2013, Schwarzmeier crashed his motorcycle in Park County and Montana Highway Patrol Trooper Erick Fetterhoff responded to the scene. Schwarzmeier was transported to Livingston Memorial Hospital, where Trooper Fetterhoff performed nystagmus tests on Schwarzmeier, which indicated a high level of intoxication.  Schwarzmeier then consented to a blood draw.  The sample was sent to the Montana State Crime Lab; testing established that Schwarzmeier's blood alcohol content was 0.193.  Trooper Fetterhoff cited Schwarzmeier for violation of § 61-8-401, MCA, "Driving under the influence of alcohol or drugs."

¶6    On July 29, 2013, Schwarzmeier entered a not guilty plea in Justice Court. Shortly afterwards, he filed a *motion in limine* to exclude any reports from the Montana

Crime Lab. Schwarzmeier argued that the State did not provide written notice of its intention to offer the report into evidence, as required by M. R. Evid. 803(6).

¶7 On June 10, 2014, Justice of the Peace Budeski, operating as a court of record, conducted a bench trial. After the trial began, but before the Court denied Schwarzmeier's motion, the State amended the charge to one count in violation of § 61-8-406, MCA, "Operation of noncommercial vehicle by person with alcohol concentration of 0.08 or more." The crime lab report was admitted over Schwarzmeier's hearsay objections and State Crime Lab Toxicologist Lynn Kurtz testified regarding Schwarzmeier's blood alcohol content. The Justice Court found Schwarzmeier guilty. He appealed to the District Court, challenging the admission of the crime lab evidence.

¶8 The District Court affirmed the Justice Court's decision. The District Court concluded that Schwarzmeier "cannot reasonably claim that he was unaware of the fact that Kurtz would be coming to court to testify regarding Defendant's blood alcohol level, as this was the subject matter of the report he signed." The District Court noted that the State disclosed the report in discovery and listed Kurtz as an expert witness. Schwarzmeier now appeals.

**STANDARD OF REVIEW**

¶9 This Court reviews appeals from the justice court, acting as a court of record, as if the appeal was originally filed in this Court. *Stanley v. Lemire,* 2006 MT 304, ¶ 26, 334 Mont. 489, 148 P.3d 643. We examine the record independently of the district court's decision, reviewing the trial court's findings of fact under the clearly erroneous standard and its discretionary rulings for abuse of discretion. *Stanley,* ¶ 26 (citations omitted.)

3

Ultimately, we must decide, "whether the district court, in its review of the trial court's decision, reached the correct conclusions under the appropriate standards of review." *Stanley,* ¶ 26.

¶10 A district court's ruling on a *motion in limine* is an evidentiary ruling. *State v. Delaney*, 1999 MT 317, ¶ 6, 297 Mont. 263, 991 P.2d 461 (citations omitted). "The determination of whether evidence is relevant and admissible is left to the sound discretion of the trial judge and will not be overturned absent a showing of abuse of discretion." *Delaney,* ¶ 6 (citations omitted).

## DISCUSSION

¶11 *Issue One: Whether the District Court abused its discretion when it affirmed the Justice Court's denial of Schwarzmeier's motion to exclude the crime lab report.*

¶12 Schwarzmeier argues that the crime lab report was inadmissible hearsay. Generally, hearsay is inadmissible unless it falls within an exception. M. R. Evid. 802; *State v. Baze*, 2011 MT 52, ¶ 12, 359 Mont. 411, 251 P.3d 122. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M. R. Evid. 801(c). M. R Evid. 803 details twenty-three specific hearsay exceptions applicable regardless of the declarant's availability.

¶13 One such exception is the business record exception, which provides special rules for the admission of crime lab reports. M. R. Evid. 803(6). The rule specifically states, "written reports from the Montana state crime laboratory are within this exception to the hearsay rule when the state has notified the court and opposing parties in writing of its

4

intention to offer such report or reports in evidence at trial." M. R. Evid. 803(6). The rule explains that written notice is necessary to provide opposing counsel the opportunity to depose the report's author or subpoena the author for trial. M. R. Evid. 803(6). Under the current rule, the report may be admitted without the testimony of the author. Here, however, the State called the author and obtained direct testimony at trial.

¶14 The United States Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), addressed the tension between the Sixth Amendment's Confrontation Clause and hearsay exceptions. The Court drew a distinction between testimonial and non-testimonial hearsay. If a statement is testimonial, the defendant must have the opportunity to cross-examine the witness. *Crawford*, 541 U.S. at 68, 124 S. Ct. at 1374. If the statement is non-testimonial, States are afforded "flexibility in the development of their hearsay law." *Crawford,* 541 U.S. at 68, 124 S. Ct. at 1374; *State v. Carter,* 2005 MT 87, ¶ 25, 326 Mont. 427, 114 P.3d 1001.

¶15 In Montana, we have differentiated between cases that involve substantive evidence used to prove the offense charged and cases where the evidence is foundational, rather than accusatory. In *State v. Clark*, we held that the State violated a defendant's confrontation rights when it introduced a chemical analysis of drugs without calling the author of the analysis. 1998 MT 221, ¶ 25, 290 Mont. 479, 964 P.2d 706. The *Clark* decision, however, focused on a separate hearsay exception, M. R. Evid. 803(8). After that decision, the Montana Commission on Rules of Evidence petitioned to amend the rule and this Court issued an order removing the notice language in Rule 803(8). Rule 803(6), which also contains notice language, was not amended.

¶16 Recent cases have addressed evidence admitted under M. R. Evid. 803(6). In *Delaney* and *Carter*, the Court concluded that some evidence is only foundational and does not implicate constitutional concerns, holding that annual certification reports for breath analysis devices do not bear the same accusatory features as chemical tests of substances. *Delaney*, ¶ 18; *Carter*, ¶ 32. Because we conclude that Schwarzmeier's Confrontation Clause rights were protected when the report's author testified and was subject to cross examination, we decline to address whether the crime lab report, introduced under M. R. Evid. 803(6), constitutes substantive evidence or is simply foundational at this point.

¶17 What distinguishes the above cases from the present one is that here the author of the report, Lynn Kurtz, was present at trial, testified, and was subject to cross-examination. The dangers of hearsay that the Confrontation Clause is designed to protect against are not present in this case. Schwarzmeier was afforded the opportunity to question Kurtz and assess the methodology and veracity of the test results through the cross-examination process. The hearsay rules, designed to protect against injustice such as prosecution by ex parte testimony, were not violated by the admission of the crime lab report.

¶18 Schwarzmeier argues that the State never notified him, in writing, of its intention to offer the crime lab report at trial. The District Court concluded, and we agree, that Schwarzmeier had notice of the State's intention to introduce the report. During discovery, Schwarzmeier received the document titled "Alcohol Report," which was signed by Kurtz. The State listed Kurtz as a witness and designated Kurtz as an expert

6

witness, a designation that Schwarzmeier was certainly aware of as he challenged it and lost. It is difficult to imagine how Schwarzmeier could be surprised by the admission of the crime lab report when he received the report in discovery, received notice of Kurtz as a witness, and Kurtz signed the disclosed report.

¶19　*Issue Two: Whether the District Court abused its discretion when it concluded that the crime lab report was supported by proper foundation.*

¶20　Schwarzmeier further argues that even if the State satisfied the notice requirement, the District Court abused its discretion in admitting the crime lab report when the State did not establish a proper chain of custody for the blood sample. Schwarzmeier asserts that had the State complied with the notice requirement of Rule 803(6), he would have had the opportunity to depose the crime lab employees handling his blood sample.

¶21　The State argues that Schwarzmeier failed to object and raises this issue for the first time on appeal. Schwarzmeier maintains that he properly raised the issue by objecting to the State's failure to comply with Rule 803(6). Through discovery disclosures, Schwarzmeier knew of the State's intention to offer the report and could have deposed Kurtz or inquired deeper into the issue when he testified to the chain of custody at trial. Instead, he did not object during testimony on crime lab procedures. The State established foundation through Kurtz' testimony. We ordinarily will not address an argument not made in the district court and raised for the first time on appeal. *State v. Homer*, 2014 MT 57, ¶ 12, 374 Mont. 157, 321 P.3d 77; *State v. Ashby*, 2008 MT 83, ¶ 22, 342 Mont. 187, 179 P.3d 1164; *State v. Stiles*, 2008 MT 390, ¶ 11, 347 Mont. 95, 197 P.3d 966. We decline to do so here.

7

¶22   We have affirmed the decision to admit the report from the crime lab and therefore, it is unnecessary to address the other issues raised in the appeal.

¶23   Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE