FILED

12/13/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0560

DA 15-0560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 328N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOHNNY GEORGE HOFER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC-2015-06
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeremy S. Yellin, Attorney at Law, Havre, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein
Assistant Attorney General, Helena, Montana

          Dylan J. Jensen, Valley County Attorney, Glasgow, Montana

Submitted on Briefs:  November 2, 2016

Decided:  December 13, 2016

Filed:

          /S/ ED SMITH
            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In September 2014, Hofer was cited for aggravated driving under the influence of alcohol, a misdemeanor. In April 2015, the State of Montana amended the complaint to charge Hofer with first offense driving while under the influence of alcohol (DUI), also a misdemeanor. The Valley County Justice Court conducted a jury trial and the six-person jury found Hofer guilty. Following sentencing, Hofer filed a notice of appeal to the Seventeenth Judicial District Court, Valley County. The Justice of the Peace issued an order staying imposition of Hofer's sentence pending appeal.

¶3 The District Court conducted a jury trial on July 30 and 31, 2015. During trial, Hofer objected to admission of the blood alcohol test results asserting that the State failed to establish that his blood was collected in conformance with Admin. R. M. 23.4.220(2) (2005) (hereinafter Rule 23.4.220(2) or the Rule). His specific complaint was that the State provided no testimony that Hofer's skin at "the area of the puncture" was "thoroughly cleansed and disinfected" as required by the Rule.

¶4 The State responded that Stacy Garwood, a registered nurse at the Frances Mahon Deaconess Hospital in Glasgow, Montana, testified that she performed Hofer's blood

2

draw using an evidence collection kit supplied by the Valley County Sheriff's Department and containing a Betadine swab for cleansing the area of the puncture. Additionally, and in accordance with procedure, Garwood initialed the "Checklist for Medical Staff"—a form included in the evidence collection kit. By initialing the form, Garwood indicated that "[a] non-alcoholic or non-phenolic swab was used to prepare the site for blood draw." The form further provided that "Povidine-Iodine swab supplied in kit or an appropriate substitute, betadine solution, may be used."

¶5 After discussion with the attorneys outside of the presence of the jury and review of the evidence presented, the District Court overruled Hofer's objection. The court further ruled that whether Garwood's testimony that she used Betadine to swab the puncture site was "sufficient to comply with the administrative procedure for 'thoroughly cleansing and disinfecting'" was a question of fact that could be argued before the jury.

¶6 The jury found Hofer guilty of misdemeanor DUI and the District Court sentenced Hofer to six months in the Valley County jail with all but two days suspended. The court gave Hofer credit for the two days he spent in jail after his arrest. Hofer was also ordered to pay a $500 fine and $75 in surcharges. The District Court stayed imposition of Hofer's sentence pending his appeal to this Court.

¶7 We review a district court's rulings on the admission of evidence for an abuse of discretion. *State v. Awbery*, 2016 MT 48, ¶ 10, 382 Mont. 334, 367 P.3d 346. Additionally, whether an adequate foundation supports the admission of evidence is within the trial court's discretion. *State v. Delaney*, 1999 MT 317, ¶ 14, 297 Mont. 263, 991 P.2d 461.

3

¶8 On appeal, Hofer maintains that the District Court committed reversible error when it admitted Hofer's blood alcohol sample results into evidence. He contends that the State failed to lay a proper foundation that Garwood properly performed Hofer's blood draw. He opines that the jury would not have found him guilty if the District Court had granted his motion to suppress the test evidence.

¶9 The State counters that § 61-8-404(1)(b)(ii), MCA, rather than Rule 23.4.220(2), controls the admissibility of a blood test report in a DUI case. It asserts that the State Crime Lab report on Hofer's blood test result was in compliance with § 61-8-404, MCA, and therefore was properly admitted. Moreover, the State argues that Garwood's testimony that she swabbed Hofer's arm with a Betadine swab prior to puncture establishes compliance with the requirement in Rule 23.4.220(2) to thoroughly clean and disinfect Hofer's skin.

¶10 Section 61-8-404(1)(b)(ii), MCA, addresses under what conditions a blood sample analysis report is admissible in a trial or criminal action against a DUI defendant. As Hofer is not challenging the State laboratory's analysis and reporting of his blood sample but rather is challenging the hospital's drawing of the blood sample, we need not address the applicability of § 61-8-404(1)(b)(ii), MCA. Rule 23.4.220(2) provides "The skin at the area of puncture must be thoroughly cleansed and disinfected with an aqueous solution of a non-volatile antiseptic i.e. betadine, etc. Alcohol phenolic solution may not be used." In this case, Garwood, a registered nurse with eight years' experience and three years' experience as a CNA, testified that she swabbed Hofer's arm with a Betadine swab before she drew blood from Hofer. While Garwood did not expressly testify that she

4

"thoroughly cleansed and disinfected" Hofer's arm with the Betadine solution, we conclude the District Court did not abuse its discretion in allowing the evidence to go to the jury. Additionally, while defendants charged with DUI are entitled to the procedural safeguards set forth in the Administrative Rules of Montana, to require a witness to recite specific words in the Rule elevates form over substance. Garwood testified she cleaned the site with Betadine. She also completed the Checklist for Medical Staff by initialing the various provisions including the provision that a Betadine swab was used to "prepare the site for blood draw." Clearly, for a medical professional, preparing the site for a blood draw means to clean and disinfect the site with an appropriate solution prior to puncturing the skin. The State's evidence established that Garwood performed Hofer's blood test in accordance with the approved Checklist and the applicable Rule.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of the Court, the District Court did not abuse its discretion is denying Hofer's motion to suppress the blood test evidence and admitting the evidence during trial.

¶12 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE