DA 15-0390

FILED

01/24/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0390

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 13N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RYAN JEFFREY COUNTS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
                     In and For the County of Fergus, Cause No. DC 14-72
                     Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

                Thomas P. Meissner, Fergus County Attorney, Lewistown, Montana

                Submitted on Briefs:  January 4, 2017

                         Decided:  January 24, 2017

Filed:

                                      _____
                                            Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ryan Jeffrey Counts appeals the Tenth Judicial District Court, Fergus County, order denying his motion to suppress his breath test and his subsequent jury conviction for Driving Under the Influence in violation of § 61-8-406(1), MCA. On September 1, 2013, Counts was arrested on suspicion of driving under the influence of alcohol. He was transported to the Fergus County Sheriff's Office where he submitted a breath sample on the Intoxilyzer 8000. The breath test indicated Counts had a blood alcohol content (BAC) of .201 percent. Following a bench trial, Counts was convicted on a single count of DUI in Fergus County Justice Court. Counts appealed to the District Court for a new trial pursuant to § 46-17-311(1), MCA. On November 19, 2014, Counts moved to suppress the results of the breath test. The District Court denied the motion on January 28, 2015. On April 30, 2015, following a trial de novo, a jury convicted Counts of DUI per se. On May 4, 2015, the District Court sentenced Counts to two days in jail with two days suspended, and ordered him to pay a $600 fine and $75 surcharge. Counts timely appealed.

¶3 We review a district court's rulings on admissibility of the evidence for an abuse of discretion, which occurs if the district court acts arbitrarily or unreasonably and

2

substantial injustice results. *State v. Jenkins*, 2011 MT 287, ¶ 4, 362 Mont. 481, 265 P.3d 643. "When a court bases a discretionary ruling on a question of law, however, we review that conclusion to determine whether the district court correctly interpreted the law." *State v. Frickey*, 2006 MT 122, ¶ 9, 332 Mont. 255, 136 P.3d 558.

¶4 Before the District Court, Counts argued the State did not know which gas standard[1] was used during his breath test and whether the gas standard had expired because the State did not produce written documentation. At the suppression hearing, Sheriff Eades produced the gas standard itself and testified that he had personal knowledge that it was the gas standard used when administering Counts' breath test. Counts argued that Sheriff Eades' testimony was insufficient to lay the foundation for admission of his breath test. The District Court rejected Counts' argument and correctly ruled: "Whether [Sheriff Eades'] testimony is sufficient to satisfy a jury at trial regarding the validity of the test is yet to be seen. That is an issue of the credibility and weight of the testimony that must be decided by the trier of fact."

¶5 On appeal, Counts argues that the breath test was inadmissible and the District Court should have suppressed the evidence because the State failed to lay the foundation by demonstrating the Intoxilyzer used for the breath test was properly field certified pursuant to the Senior Operator's Manual and the Administrative Rules of Montana. The State argues that we should not consider this argument because at no time in Counts' written motion or during the suppression hearing before the District Court did he argue

---

[1] A gas standard is a cylinder containing a gas mixture with a known alcohol content that is used to ensure that the Intoxilyzer is properly calibrated.

that the Intoxilyzer was not properly field certified and Counts now seeks to present new legal theories for exclusion of the Intoxilyzer evidence. We agree.

¶6 Counts maintains that his theory has always been that the State cannot provide an adequate foundation for his breath test, and that parties may "bolster their preserved issues with additional legal authority or to make further arguments within the scope of the legal theory articulated to the trial court." *State v. Claassen*, 2012 MT 313, ¶ 19, 367 Mont. 478, 291 P.3d 1176 (quoting *State v. Montgomery*, 2010 MT 193, ¶ 12, 357 Mont. 348, 239 P.3d 929). While this is true, Counts' foundation argument at trial was limited to the State's ability to establish which gas standard was used in the Intoxilyzer when the test was administered and whether the gas standard had expired. Counts did not challenge the Intoxilyzer's field certification, nor did he even reference the Administrative Rules or field certification procedures which now form the basis for his challenge on appeal. Merely uttering the word "foundation" before the trial court does not give a party carte blanche to raise every conceivable foundation argument on appeal under the auspices of it being "within the scope of the legal theory articulated to the trial court." *Claassen*, ¶ 19.

¶7 "The rule is well established that this Court will not address an issue raised for the first time on appeal." *State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, 67 P.3d 207. Allowing a party to raise new arguments or change its legal theory on appeal "is fundamentally unfair" to the district court, which would be faulted for failing to rule on an issue it never had the opportunity to consider. *Martinez*, ¶ 17. A party must state grounds for an objection that are sufficiently specific to preserve the appeal. *Claassen*,

4

¶ 19. In this case, the District Court was only given the opportunity to rule on Counts' theory that the State failed to lay foundation for the breath test because it could not show which gas standard was used when Counts' breath was tested. The District Court was not given the opportunity to address Counts' argument that the Intoxilyzer was not properly field certified pursuant to the Manual and the Administrative Rules.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Counts failed to raise and, therefore, waived his claim that the Intoxilyzer was not properly field certified. The District Court did not abuse its discretion in denying Counts' Motion to Suppress on the grounds argued below. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE